[No. 630.   Decided December 13, 1892.]

TOM, THE COOK, *Respondent*, v. W. P. SAYWARD, *Appellant*.

APPEAL—AMOUNT IN CONTROVERSY—DAMAGES TO LIEN.

An action under Gen. Stat., § 1694, by the holder of a lien upon saw logs for damages by reason of their being sawed into lumber and rendered impossible of identification, is not an action of equitable cognizance, and, where the judgment is for a less sum than two hundred dollars, no appeal can be taken therefrom to the supreme court.

*Appeal from Superior Court, Kitsap County.*

*Battle & Shipley*, for appellants.

*Burke, Shepard & Woods*, for respondent.

The opinion of the court was delivered by

ANDERS, C. J.—This action was brought by the respondent against the appellant under § 1694, General Statutes of the State of Washington, giving to the holder of a lien upon saw logs a cause of action for damages against any person who shall destroy the logs, or render them impossible of identification. The action resulted in a judgment in favor of the plaintiff for $91, together with costs and attorney's fee. The defendant appealed.

The respondent moves to dismiss the appeal and to affirm the judgment of the lower court, for the reason that

this court has no jurisdiction of the cause, the appeal being from a money judgment for a less sum than two hundred dollars. Section 1402 of the Code of Procedure provides that "no appeal shall be allowed in any civil action at law for the recovery of money or property when the original amount in controversy or the value of the property does not exceed the sum of two hundred dollars, unless the action involves the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute."

It is not contended by the appellant that this action falls within any of the exceptions mentioned in the above statute, if this is an action at law, but he insists that the action is one of equitable cognizance, and that the statute is therefore not applicable to this case. The argument is, that inasmuch as the respondent in his action for damages asked the court, in his complaint, to declare his lien to have been a valid and subsisting lien upon the boom of logs described in his lien notice, at the time said logs were sawed into lumber, the equity power of the court was thereby invoked, and the action was therefore not one for damages merely, but for equitable relief also, and hence not embraced within the statute cited. This argument is ingenious, but by no means conclusive. In order that the respondent might recover any damages at all, it was necessary for him both to aver in his complaint and to prove before the court that he had a valid lien which was destroyed by the defendant. Before the court could award him damages, it was first necessary for him to ascertain whether he had a valid and subsisting lien, or, in other words, to establish his lien. And this it did, not by the exercise of any power peculiar to a court of equity, but by the exercise of the power possessed by the courts generally to construe and interpret written instruments. No foreclosure of the lien was sought, and the action was therefore an action at law merely. And

the judgment appealed from being less than two hundred dollars, it follows that this court has no jurisdiction of the cause, and that the appeal must be dismissed. But, for the same reason, the motions to affirm the judgment of the lower court, and for damages, and for judgment against the sureties on the appeal bond, must be denied.

SCOTT, HOYT, STILES and DUNBAR, JJ., concur.