[No. 1715. Decided September 10, 1895.]

E. S. CHAPIN, *by* W. W. *Chapin, his next Friend, Respondent,* v. JOHN KENOYER *et al., Defendants,* D. G. UNDERWOOD *et al., Appellants.*

APPEAL — AMOUNT IN CONTROVERSY.

An action by one claiming a lien for services in the manufacture of timber into shingles against his employer and others, under Laws 1893, p. 434, § 20, for having removed and rendered impossible of identification the property upon which a lien is claimed is substantially one for damages, and where the amount in controversy is less than $200, an appeal will not lie to the supreme court from the judgment rendered therein.

*Appeal from Superior Court, Whatcom County.*

*Black & Leaming,* and *Burke, Shepard & Woods,* for appellants.

*Bruce, Brown & Cleveland,* for respondents.

The opinion of the court was delivered by

SCOTT, J.— The plaintiff began an action, alleging in substance that the defendants Kenoyer employed him to render services in the manufacture of timber into shingles, and that pursuant thereto he performed labor for said defendants in manufacturing about 150,000 shingles, and that there was due him therefor the sum of $96.91, for which he was entitled to a lien upon the shingles manufactured, and that he had filed the necessary notice of such claim, but that the defendants, Underwood and the Great Northern Railway Company, having full knowledge of his rights, did, without his consent, remove, eloign, and take away 145,000 of said shingles, and rendered the same impossible of

identification, without paying the amount of his claim; and he prayed judgment therefor with interest and attorney's fees, against the contractors and also against the other defendants, under the provisions of § 20, p. 434, Laws 1893.

Issue was joined and a trial had and judgment rendered for the plaintiff in the sum of $137.90. Thereafter the defendant, the Great Northern Railway company, petitioned the court to set aside said judgment, which petition, after hearing, was denied. Whereupon the defendant last named and the defendant Underwood appealed from the original judgment in the action, and also from the judgment of the court denying the petition to vacate.

When the cause was called for argument here a motion was made by the respondent to dismiss said appeals, on the ground that this court had no jurisdiction thereof, the amount in controversy being less than $200. We think this motion well taken. The property having been removed and rendered impossible of identification, the action was substantially one for damages.

Dismissed.

HOYT, C. J., and ANDERS, GORDON and DUNBAR, JJ., concur.