[No. 1746.  Decided November 30, 1895.]  ·

HENRY T. McCOY *et al.*, *Respondents*, v.· CALEB COOK, *Defendant*, NEIL SPITHILL, *Appellant*. ·

LOGS AND LOGGING — LIENS — CONSTITUTIONALITY OF STATUTE — JURY TRIAL.

Laws 1893, p. 433, § 16, providing that a purchaser of sawlogs or shingle bolts shall be presumed not to be an innocent purchaser during the period in which liens may be filed thereon, unless he has seen that the purchase money has been applied to the payment of *bona fide* claims entitled to liens on the property, is not a violation of the constitutional inhibitions against taking property without due process of law, or for a private use, without compensation.

In an action to foreclose loggers' liens and for damages against an eloigner of the property, the joinder of the law and equity actions will not deprive the one charged with eloignment of the right to trial by jury.

Appeal from Superior Court, Snohomish County.— Hon. JOHN C. DENNEY, Judge.   Reversed.

*A. K. Delaney*, for appellant.   ·

*H. A. Porter*, for responden ts

The opinion of the court was delivered by

ANDERS, J.—This was an action under the logger's lien act of 1893 (Laws 1893, p. 428), to enforce a lien on a certain lot of shingle bolts upon which the plaintiffs performed labor for and at the instance of the defendant Cook, and to obtain personal judgment against the defendant Spithill, as eloigner of the same, under § 20 of that act. The defendant Cook made no defense in the court below, and his default was duly entered. With his answer, the defendant Spithill filed a demurrer to the complaint, pursuant to § 13 of said act, alleging (1) that several causes of action have been improperly united, and (2) that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled and an exception saved. The defendant Spithill then demanded a trial by jury to determine the issues of fact raised by the pleadings, which was denied; to which ruling he also excepted. After the plaintiffs had introduced their testimony and rested their case, the defendant moved for a non-suit, which motion was denied, and thereupon the court gave personal judgment against the defendant, Spithill, in accordance with the provisions of § 20 of the act aforesaid, and also judgment against the defendant, Cook, and awarded a decree foreclosing the liens of the respective plaintiffs. To reverse the judgment against him the defendant Spithill has appealed to this court, and assigns the several rulings and decisions of the trial court above mentioned as error.

The appellant's first contention is that § 16 of this act of 1893 is in contravention of §§ 3 and 16 of art. 1 of the state constitution, and is therefore null and void, and that no right can be predicated upon it. That section of the statute reads as follows:

"It shall be conclusively presumed by the court that a party purchasing the property liened upon within thirty days given herein to claimants wherein to file their liens, is not an innocent third party, nor that he has become a *bona fide* owner of the property liened upon, unless it shall appear that he has paid full value for the said property and has seen that the purchase money of the said property has been applied to the payment of such *bona fide* claims as are entitled to liens upon the said property under the provisions of this act, according to the priorities herein established."

And it is claimed that the legislature by this section, and without due process of law, seeks to dispose of the purchase money of the property described in the act, which the owner of such purchase money may have sold, and vests in the buyer the authority to apply such purchase money to any such claims as he may see fit to consider *bona fide* claims and entitled to liens upon the property so sold.

But, in our opinion, it is not obnoxious to these objections. It simply declares when, and under what circumstances, a party who, during a specified time, purchases certain property upon which a lien is claimed, is, or is not, an innocent third party and a *bona fide* owner thereof. It does not authorize the purchaser to pay the purchase price to any one but the seller, but it does require him to see that all *bona fide* lien claims have been satisfied, or suffer the consequences of his failure to do so. These, we think, are neither unconstitutional nor unreasonable provisions. The purchaser is thereby deprived of no property whatever. By his purchase he gets just such a title to the thing purchased as the law governing the transaction gives him. He obtains all he is entitled

to under the law and is, therefore, in no situation to complain.

It is not pretended by appellant that, if he had purchased the property in question after the respon-dents had filed their liens, he would have been an innocent purchaser and could have held it unaffected by the liens, even though he had no actual knowledge of their having been filed or recorded. His position simply is that, at the time he purchased these shingle bolts, there were no liens of record and, consequently, no liens at all, upon them, and that he is therefore in no wise liable by reason of having taken them beyond the reach of the respondents. Now, if it was compe-tent for the legislature to declare that the filing or recording of a lien, or other instrument in the office of the county auditor shall constitute indisputable notice of its contents, it was, we think, equally com-petent for it to provide, as it has, in effect, provided, by the section of the statute under consideration, that all persons purchasing property "liened upon" dur-ing the time allowed to claimants wherein to file their liens shall take it subject to such liens, or, in other words, will not, under such circumstances, be entitled to the usual rights of innocent third parties. Every-body knows that sawlogs, spars, piles and shingle bolts can only be produced by the labor of men, and everybody must know that every man who labors upon, or assists in obtaining or securing, such com-modities has a lien thereon for his labor and services, because the law so declares. And it is the labor per-formed upon the property designated in §§ 1 and 2 of the statute that creates this lien, not the filing of the claim, or notice. And while the lien will be deemed waived if the written claim be not filed within the

11—13 WASH.

time specified by law, it cannot be divested by any sale by the owner of the property to a third party. The owner may, if he chooses, convey all his own rights to a purchaser, but he cannot thus transfer to another the rights or interests of the lien claimant. (See § 4, p. 429). If a sale by the owner of property, which the law declares is subject to a lien, can so operate as to destroy the lien, it necessarily follows that it is within the power of such owner to defeat, at will, the very object and purpose, as well as the express declaration, of the statute. But it cannot be conceded, for a moment, that the law can thus be rendered powerless and nugatory. On the contrary, every one must take notice of its provisions, and act in accordance therewith.

We think the supreme court of Nebraska announced the correct doctrine in reference to the effect of a sale of property subject to an unrecorded lien when it said:

"A party purchasing a building within four months from the time of its completion, or after repairs have been made upon it, takes it subject to any legitimate claim against it for erecting or repairing the same. The law is notice to every one that such lien may be filed, and it behooves a party purchasing the premises to see that all such claims are satisfied or secured; and no person can be a *bona fide* purchaser as against such liens by simply taking a deed from the owner of the fee. The defendants named, therefore, by purchasing the premises in controversy did not acquire any greater rights than were possessed by Gee." *Doolittle v. Plenz*, 16 Neb. 153 (20 N. W. 116).

It is also urged that the legislature has not the power to declare what is conclusive evidence, and that is true in every case where the enforcement of such a rule would preclude a party from establishing

his rights in a court of justice, for the reason that due process of law requires an opportunity for a trial and there can be no trial where only one party is permitted to produce his proofs. Cooley, Const. Lim., (5th ed.), p. 454. But such is not the effect of this statute. It deprives no one of any existing right, but, on the contrary, as we have endeavored to show, merely undertakes to prevent the deprivation of a right already established by law.

As we have already intimated, the object of this action, so far as the appellant is concerned, was to recover damages for eloigning the property described in the complaint. It was, and is, from its very nature, an action at law, and its essential character could not be, and was not changed by joining it, even by legislative sanction, with the action to foreclose these liens. Before the adoption of the state constitution all such actions were triable by a jury, unless a jury was waived, and the constitution having expressly preserved the right of trial by jury, it follows that the appellant was entitled to a jury trial in accordance with his request, and that the court erred in refusing it, notwithstanding the provision of § 20 empowering the court to enter personal judgment against an eloigner.

The motion for a non-suit was properly denied. It was mainly based upon the alleged fact that, at the time appellant purchased the property in question, no lien had been filed against it. What we have already said disposes of that point, but, if that were not so, the fact is that appellant was informed by Cook, at the time he purchased the property and before he removed it from the county where it was gotten out, that it was subject to respondents' liens, and that the same must be paid. Under these circumstances ap-

pellant certainly cannot claim to have been an inno-
cent purchaser.

For the error above indicated the judgment is re-
versed and the cause remanded to the court below for a
trial by jury in accordance with this opinion.

HOYT, C. J., and GORDON, J., concur.

DUNBAR, J., dissents.