[No. 3241. Decided March 29, 1899.]

MAGGIE DURAND et al., Respondents, v. THE SIMPSON LOGGING COMPANY et al., Appellants.

APPEAL—AMOUNT IN CONTROVERSY.

Where it is evident from the stipulated facts upon which a case was tried that the action, so far as appellants are concerned, was one for damages for the eloignment and conversion of saw logs, in which the amount in controversy was less than $200, the judgment in the action is not appealable, although the issues made by the pleadings might be construed as making the action an equitable one for the foreclosure of a lien.

SAME—ATTORNEY'S FEES.

Attorney's fees claimed and allowed in an action are costs incident to the case, and cannot be regarded as a part of the original amount in controversy.

Appeal from Superior Court, Mason County.—Hon. CHARLES W. HODGDON, Judge. Appeal dismissed.

George C. Israel, for appellants.

John C. Kleber, for respondents:

It is the settled rule of practice in both the state and
federal courts that, where a case is submitted to the judg-
ment of the court upon an agreed statement of facts, all
questions of pleading or form of action are waived, and
the only question is whether the plaintiff can recover upon
any pleading or in any form of action. *Saltonstall v.
Russell,* 152 U. S. 628 (38 L. ed. 576); *Willard v. Wood,*
135 U. S. 314 (34 L. ed. 210); *Esty v. Currier,* 98 Mass.
502; *Scudder v. Worster,* 11 Cush. 573; *Smith v. Car-
ney,* 127 Mass. 180; *Rogers v. Daniell,* 8 Allen, 349;
*Kimball v. Preston,* 2 Gray, 567; *Merrill v. Bullock,* 105
Mass. 488. This seems to be the universal rule and is
founded upon expediency and necessity. The complaint
is superseded by the stipulated statement of facts. *Bixler
v. Kunkle,* 17 Serg. & R. 310; *Hess v. Bolinger,* 48 Cal.
349; *Pillsbury v. Brown,* 82 Me. 455 (9 L. R. A. 94);
*Machias Hotel Co. v. Fisher,* 56 Me. 323; *West Roxbury
v. Minot,* 114 Mass. 547; *Folger v. Columbian Ins. Co.,*
99 Mass. 267 (96 Am. Dec. 747); *Cushing v. Kenfield,*
5 Allen, 307; *Brettun v. Fox,* 100 Mass. 234.

Per Curiam.—A motion to dismiss this appeal is made,
for the reason that the original amount in controversy is
under $200. We think this motion must be sustained, and
that the case falls squarely within the rule announced by
this court in *Chapin v. Kenoyer,* 12 Wash. 536 (41 Pac.
916); *Tom, the Cook, v. Sayward,* 5 Wash. 383 (31 Pac.
976); and *McCoy v. Spithill,* 13 Wash. 158 (42 Pac.
546).

It may be true, as suggested by the appellants, that,
under the issues as made by the pleadings in this case, it
would be construed to be an action for the foreclosure of a
lien; but the stipulation of facts, which were made a part
of the record, and upon which the case must be decided,
shows conclusively that the contest, so far as the appellants

are concerned, is one with reference to an eloignment of the logs only. Paragraph 11 of the stipulation is to the effect that, after the filing and perfecting of the said lien of Maggie Durand, and after the commencement of this suit, the defendant, Simpson Logging Company, eloigned all of said liened logs and took them away from said waters where they were lying when the lien was perfected and suit begun in foreclosure thereof, and took them out of Mason county, Washington, and converted the same to its own use, without the knowledge and without the express consent of the plaintiffs, or either of them. This and other paragraphs of the stipulation render it certain that this is, in effect, an action for damages for the eloignment of these logs, and not an equitable proceeding; and, under all the authorities, the action must be construed by a consideration of the stipulation of facts on which the case was tried. We think the attorney's fees allowed in the case cannot be construed as a part of the original amount in controversy, but as costs incident to the case.

The motion will be granted and the appeal dismissed.