## MITCHELL v. MONARCH ELEVATOR COMPANY.

Opinion filed May 22, 1906.

**Thresher's Lien — Sufficiency of Statement.**

1. A statement for a thresher's lien pursuant to chapter 83 of the Revised Civil Code of 1899, which requires the statement to show the amount and quantity of grain threshed, need not state the number of bushels of each kind of grain threshed, when the total amount of the lien appears from the statement.

**Same — Lien Upon All Grain Threshed Under the Contract.**

2. A thresher is entitled to a lien on all the grain threshed for threshing any particular kind of grain, when done under the same contract, and such lien is enforceable between the parties.

**Appeal — Objections Not Raised Below.**

3. An indefinite allegation of a fact in a complaint cannot be first attacked on appeal, where the record shows that the evidence is positive as to the fact, and such evidence was not objected to.

**Same — Statement.**

4. A statement for a thresher's lien must contain everything required by the statute to be stated therein, and nothing more.

**Same — Lien Relates Back to Commencement of Threshing.**

5. Chapter 83 of the Revised Civil Code of 1899 gives to threshers of grain an enforceable lien thereon upon filing a statement therefor within thirty days from the threshing and such lien exists from the commencement of the threshing.

**Same — Purchase Subject to Lien.**

6. A person purchasing grain during thirty days after its threshing in the regular course of business is not an innocent purchaser thereof, although the statement was not filed when the purchase was made.

**Same — Description.**

7. Statement for a lien considered, and *held* to give a description of the land on which the grain was grown.

Appeal from District Court, Griggs county; *Burke, J.*

Action by Stephens Mitchell against the Monarch Elevator Company. Judgment for plaintiff. Defendant appeals.

Affirmed.

*Lee &Fowler,* for appellants.

Perfect compliance with statute essential to lien.  Parker v. First National Bank, 3 N. D. 87, 54 N. W. 313; Anderson v. Alseth, 62 N. W. 435; Moher v. Rasmusson, 95 N. W. 152, 12 N. D. 71.

The lien affidavit must contain all the facts required by statute or the lien is of no effect.  Moher v. Rasmusson, supra.

It must be shown in statement, averred in complaint, and established in the proof, that the grain to which lien attached was grown on the land described in the complaint.  Martin v. Hawthorne et al., 5 N. D. 66, 63 N. W. 895, 3 N. D. 412, 57 N. W. 87.

A lien statement need not pray for lien.  Smith v. Headley, 23 N. W. 550.

An averment in such a prayer is a mere recital, not an allegation of a fact.  Rugg v. Hoover et al., 10 N. W. 473; Staples v. Fairchild, 3 N. Y. 41; Payne v. Young et al., 8 N. Y. 158; Feucht v. Dessar, 5 N. Y. Supp. 129; Powell v. Caine, 5 Paige, 265; Lavin v. Bradley et al., 1 N. D. 291, 47 N. W. 384.

Although a lien accrues at time of the commencement of the work it has no priority over a bona fide purchaser.  Smith v. Shell Lake Lumber Co., 31 N. W. 694; Andrews, Executrix, v. Jenkins et al., 39 Wis. 476; Boom Com. v. Sanborn, 36 Mich. 358; Haifley v. Haynes, 37 Mich. 535; Finney v. Harding, 27 N. E. 289.

Before any conclusive statutory liability can be imposed to divest a man's title to property, he must be guilty of some tort, consent, be in default, or have notice to enable him to protect himself.  John Spry Lumber Co. v. Sault Sav. Bank, Loan & Trust Co., 43 N. W. 778; Meyer v. Berlandi et al., 40 N. W. 513; Mallory v. La Crosse Abattoir Co., 49 N. W. 1074.

The case is distinguished from a building lien, where the building process is notice of the accrual of liens.  Glass et al. v. Greeberg et al., 52 N. W. 900; Bastien v. Barras et al., 10 N. D. 29, 84 N. W. 559; Haxter Steam Heater Co. v. Gordon et al., 2 N. D. 246, 50 N. W. 708; Turner v. St. Johns et al., 8 N. D. 245, 262, 78 N. W. 340.

*Bartlett & Gladstone,* for respondents.

A thresher has a lien from the date of the commencement of threshing.  Rev. Codes 1899, section 4823.

It is prior to all other liens.  Rev. Codes 1899, section 4825.

A purchaser takes subject to the right of such lien.  Rev. Codes 1899, section 4824.

Parties are presumed to contract with reference to existing law, affecting their contract. O'Neil v. Anderson et al., 4 N. W. 47; Bohn et al. v. McCarthy et al., 11 N. W. 127; Douchy v. Clapp, 12 Cush. 440; Phil. Mech. Liens, section 65; Laird et al. v. Moonan et al., 20 N. W. 354; Smith et al. v. Stevens, 31 N. W. 55; Bardwell et al. v. Mann et al., 48 N. W. 1120; Haxter Steam Heater Co. v. Gordon, supra; Turner v. St. Johns, supra.

The constitutionality of similar statutes is implied. Lampson v. Bowen, 41 Wis. 484; Vilas v. McDonough Mfg. Co., 65 N. W. 488; Alfree Mfg. Co. v. Henry, 71 N. W. 370; Fitzgerald v. Walsh, 82 N. W. 717.

Sale or transfer of product during the period for filing the statement in no way affects the lien. Federspiel v. Johnstone et al., 49 N. W. 581; Saxton et al. v. Krein, 64 N. W. 868.

MORGAN, C. J. This action was brought to recover damages against the defendant for the conversion of grain on which the plaintiff claimed a thresher's lien. The case was submitted to the court for decision upon stipulated facts. No objections were taken at the trial except that the complaint did not state facts sufficient to constitute a cause of action, and that it appears upon the face of the complaint that the plaintiff is not entitled to maintain the action. The trial court made findings of fact and conclusions of law in plaintiff's favor and judgment was duly entered thereon. The defendant has appealed from the judgment. The specifications of error are directed against the sufficiency of the complaint and the sufficiency of the statement for a lien to sustain the judgment as a matter of law. The principal objection to the complaint is to the following allegation thereof: "That heretofore and in the fall of 1904, said plaintiff did thresh for S. Almklov and Cryst Steinborn, 495 bushels of wheat and 918 bushels of oats and barley at the reasonable value and agreed price of 12 cents for wheat and 7 cents for oats and barley for threshing the same. That although said threshing was done on or about the 3d, 4th and 5th days of October, and frequent demands have been made for said threshing amounting to $123.66, it is entirely due and wholly unpaid, except the sum of $56.00, leaving a balance due said plaintiff of $67.66." It is claimed that the complaint fails to state a cause of action for two reasons: (1) That it and the statement for a lien fail to state the number of bushels of oats and the number of bush-

els of barley that were threshed; (2) that the time when the thresh-
ing was done is indefinitely stated, so that it cannot be determined
from the complaint whether a lien was filed within time or not. It
is also contended that the defendant is not liable under the facts
as it was an innocent purchaser of the grain.

We will dispose of these objections in the order above given.
The statute providing for a thresher's lien, is chapter 83 of the Re-
vised Civil Code of 1899. Section 4823 of that chapter is as fol-
lows: "Any owner or lessee of a threshing machine who threshes
grain for another therewith, shall, upon filing the statement pro-
vided for in the next section, have a lien upon such grain for the
value of his services in threshing the same from the date of the
commencement of the threshing." Section 4824: "Any person en-
titled to a lien under this chapter, shall within thirty days after
the threshing is completed, file  *  *  *  a statement in writing
*  *  *  showing the amount and quantity of grain threshed  *
*  *  and  a  description of the land upon which the grain was
grown. Unless the person entitled to the lien shall file such state-
ment within the time aforesaid, he shall be deemed to have waived
his right thereto." Section 4825: "Such lien shall have priority
over all other liens and incumbrances upon such grain." It is
claimed that the statement for a lien is fatally defective for the
reason that it fails to state the exact number of bushels of oats and
the exact number of bushels of barley. The statute does not re-
quire the number of bushels of each kind of grain threshed to be
stated. It only requires the amount and quantity of the grain
threshed to be stated. In showing only the aggregate number of
bushels of oats and barley threshed, we think the statute was com-
plied with. The amount of the lien is definitely stated, and can be
computed from the facts stated in the affidavit for a lien. In view
of the broad language of the statute, we cannot assume that it was
the intention of the legislature that the statement should necessarily
specify the amount of each kind of grain threshed, when the
amount of the lien claimed appears definitely by computation from
the facts given in the statement. The statement must contain every-
thing required by the statute before the lien becomes enforceable,
but no more particularity than is necessary  Under the language
of the statute, a lien is given upon all the grain threshed, for
threshing any part of it. In this case the question as to the en-
forcement of the lien for threshing any particular kind of grain

upon other kinds of grain threshed at the same time and under the same contract, as against other lien, prior in point of time, is not material  The lien is to be construed in this case the same as though the question were between the owner of the grain and the thresher.  In case of other existing liens upon the grain, the mode of enforcing the lien so as to protect the interests of all concerned need not be considered or decided.

The next objection is that the complaint does not definitely set forth when the threshing was done.  It states that the threshing was done on or about 3d, 4th or 5th of October, and that the statement was filed on October 15th.  The claim is that the complaint does not show that the statement was filed within 30 days after the threshing was done.  The testimony submitted in the stipulation of facts is that the threshing was done on the 3d, 4th and 5th days of October.  This testimony was not objected to. Hence the indefinite allegation of the complaint becomes immaterial even if it be conceded that the objection made to the complaint would cover the objection now made and that such objection was good.

It is also urged that the statement for a lien does not contain a description of the land on which the grain was grown.  The statement  specifically sets forth that the grain was threshed on land  specifically  described  therein, and gives the number of bushels threshed and the sum paid on the bill.  The statement then contains the following language:  "for which this affiant claims a lien upon said grain grown upon the above land."  This was a definite statement that the grain was grown upon the land that had been previously described. The statement for a lien contained everything set forth in the statute as necessary to be stated, and was in compliance therewith in every respect.

A more difficult question is next presented.  It is stipulated that the grain was purchased and paid for at the regular market price and mingled with other grain and shipped out of the state before the claim for a lien was filed and without any knowledge of plaintiff's claim, and without any knowledge that plaintiff had threshed the grain.  These facts are set forth as a basis for the contention that the defendant was an innocent purchaser of the grain.  The language of section 4823, supra, does not warrant the conclusion from such facts that the defendant was an innocent purchaser.  That section gives owners or lessees of threshing

machines a lien for threshing done. It gives them 30 days in which to file a claim for such lien after the threshing is done. After the filing of the claim for a lien, the lien relates back to the commencement of the threshing. The right to file a lien exists during the whole of the 30 days. It is the doing of the work that constitutes the right to a lien by virtue of the statute. The filing of a claim for a lien makes the lien enforceable from the commencement of the threshing. During the 30 days a lien exists by virtue of the statute and without filing and the filing makes it enforceable from the commencement of the threshing. The law gave the defendant' notice that a statement for a lien might be filed for the threshing of the grain during 30 days after the work was done. The grain itself was evidence that it might be subject to a lien for threshing it. The object of the statute is to give security for threshing grain. The statute is remedial in its nature. It should be construed liberally to carry out its object, if that can be done by a reasonable construction of its language.

To construe this statute so that purchasers of the grain during the 30 days could purchase it without liability, would defeat the purpose of it to a great extent. The intention of the legislature clearly was to subject the grain to a lien for the threshing during the 30 days and this lien became enforceable upon the filing of the claim during the 30 days. The following cases sustain this construction of similar statutes concerning liens. Matthews v. Burke, 32 Tex. 420; Kennard v. Harvey, 80 Ind. 37; Campbell v. Bowen (Ind. App.) 53 N. E. 656; Richardson Bros. v. Peterson, 58 Iowa, 724, 13 N. W. 63; Doolittle et al. v. Plenz, 16 Neb. 153, 20 N. W. 116; Holden v. Cox, 60 Iowa, 449, 15 N. W. 269; McCoy v. Cook ( Wash.) 42 Pac. 546. This decision is not in conflict with Richmire v. Elevator Co., 11 N. D. 453, 92 N. W. 819. The statute authorizing the lien in that case did not give the filing of the statement for a lien the effect of relating back to the doing of the work.

There is no question involved as to the constitutionality of the statute. The question is whether the plaintiff had a lien on the grain from the time of the threshing, after he had filed a claim therefor. The owner of the grain could not transfer any better title to it than he himself had, and defendant purchased the grain knowing that the statute gave the thresher a lien thereon from the commencement of the threshing. Section 4825 gives threshers'

liens priority over all prior claims and incumbrances. From this appellant argues that innocent purchasers take the property exempt from the lien. As we construe the statute, there can be no innocent purchasers of the grain during the 30 days following the completion of the threshing. It was necessary to define the relative rights of existing lien holders on the crop with respect to the thresher's lien created by this law. After the filing of claim for a lien, the lien exists as a matter of law against all liens or claims. The statute deprives the purchaser of nothing. He gets all that the owner had a right to sell to him. He knows as a matter of law that the owner cannot lawfully sell, except subject to the lien of the thresher, if it develops that he has any. The statute is notice to the purchaser of the right to a thresher's lien on the grain, up to 30 days from the threshing. McCoy v. Cook, supra. The defendant bought the grain with notice which was as effectual as though the statement for a lien was on file. He acted at his peril, and the statute deprives him of no constitutional or vested right of property.

The judgment is affirmed. All concur.