# W. L. BRANTHOVER v. MONARCH ELEVATOR COMPANY,
## a Foreign Corporation.

(156 N. W. 927.)

**Thresher's lien — statement for — trial of filing — waiver of right to lien — estoppel.**

1. Under § 6854, Comp. Laws 1913, which gives a thresher a lien upon the grain threshed "upon filing the statement provided for in the next section," and under the next section (§ 6855) which provides that such statement may be filed within thirty days after the completion of the work, it is held that a thresher who, before the filing of any such statement, goes with the owner of the grain to the elevator and stands by and remains silent while such owner sells the grain and receives payment therefor, is afterwards estopped from asserting any such lien against such elevator company.

**Pleading — qualified general denial — conversion — estoppel or waiver — ownership of property — admission.**

2. Where a qualified general denial is filed in an action for the conversion of property, and such denial merely denies the allegations of the complaint, except "as hereinbefore are specifically and in words admitted," and prior to such denial there is to be found in the answer a plea of estoppel or waiver which admits the ownership of the grain, such ownership will be deemed to be conceded by such denial.

**Facts — issues — pleading — admitted — court — instructions as to — jury — practice.**

3. Where facts and issues are admitted by the pleadings, the proper practice is for the court to instruct the jury as to the issues in the case and that such a fact has been admitted, rather than to allow the pleadings to be read in evidence to the jury or taken by them into the jury room.

**Lien statement — person — property — grain — price — amount — description.**

4. A lien statement is sufficient under § 6855, Comp. Laws, 1913, and sufficiently describes the person "for whom the threshing was done," which names the person with whom the contract was made and who had charge of the oper-

ations and of the land, even though his interest in a part of the land was joint. (Following Dahlund v. Lorentzen, 30 N. D. 275.)

Opinion filed February 28, 1916.   Rehearing denied March 20, 1916.

Appeal from the County Court of Ransom County, *Thomas, J.* Action to enforce a thresher's lien.   Judgment for plaintiff.   Defendant appeals.

Reversed.

*Rourke, Kvello, & Adams,* for appellant.

The plea of estoppel in defendant's answer is good as against a demurrer.   Weber v. Lewis, 19 N. D. 473, 34 L.R.A.(N.S.) 364, 126 N. W. 105.

Estoppel by silence arises where a person under the circumstances owes a duty to another to speak; his silence and his omission to speak lead the other to believe in the existence of a state of facts, and, relying thereon, may act adversely to his interests.   18 Cyc. 681; Tobias v. Morris, 126 Ala. 535, 28 So. 517; Bigelow, Estoppel, 588; 16 Cyc. 681 (10) ; Sutton v. Consolidated Apex Min. Co. 14 S. D. 33, 84 N. W. 211.

An admission in one defense cannot be used to destroy the effect of another defense, though the defenses pleaded are inconsistent.   Comp. Laws 1913, § 7449; Barr v. Hack, 46 Iowa, 308; Mt. Terry Min. Co. v. White, 10 S. D. 620, 74 N. W. 1060; Stebbins v. Lardner, 2 S. D. 127, 48 N. W. 847; 1 Elliott, Ev. § 236 (138) ; Eppinger v. Kendrick, 5 Cal. Unrep. 295, 44 Pac. 234; Barker v. Barth, 192 Ill. 460, 61 N. E. 388.

The evidence does not establish the fact that the grain in question was grown and threshed on the land described in the lien.   Martin v. Hawthorne, 5 N. D. 66, 63 N. W. 895.

*Butler & Thompson,* for respondent.

A person sought to be estopped must have had the intention of influencing the person who acted on and by reason of his conduct.   There must have been present some element of deception.   Parliman v. Young, 2 Dak. 175, 4 N. W. 139, 711.

Defendant knew that plaintiff had the statutory period after the threshing was completed in which to claim his right and file his lien. Code, §§ 6588, 6855; Knauf & T. Co. v. Elkhart Sand & Gravel Co.

48 L.R.A.(N.S.) 775, note 2; Sutton v. Consolidated Apex Min. Co. 14 S. D. 33, 84 N. W. 211; Mitchell v. Monarch Elevator Co. 15 N. D. 495, 107 N. W. 1085, 11 Ann. Cas. 1001.

A general denial does not compel the plaintiff to prove admitted material facts, even though such admissions occur in a part of the answer where a separate defense is pleaded. Gale v. Shillock, 4 Dak. 182, 29 N. W. 661.

Even where such admission is made in the answer to gain some advantage to the pleader, the adverse party should not be required to prove the very facts admitted. Johnson v. Butte & S. Copper Co. 41 Mont. 158, 48 L.R.A.(N.S.) 938, 108 Pac. 1057; Mattoon v. Fremont, E. & M. Valley R. Co. 6 S. D. 301, 60 N. W. 69.

The contract was made for the threshing with the party who was in possession of the grain threshed. The evidence shows that defendant purchased grain from such party that fall. Dahlund v. Lorentzen, 30 N. D. 275, 152 N. W. 684.

BRUCE, J. This is an action for the conversion of grain, the plaintiff claiming under a thresher's lien, the purchase and subsequent selling of the grain by the elevator and the demand and refusal being admitted.

The first question to be decided is: Did the plea of estoppel state, and would the proof offered under it but denied admission have shown, an estoppel? This question we answer in the affirmative. The plea was as follows: "The defendant further alleges that prior to the filing of the alleged lien mentioned in the complaint the plaintiff and one Charles Chisman, the legal owner of said grain, came together to the defendant's elevator, at Lisbon, North Dakota, to make settlement with the defendant for the grain described in the complaint; that the defendants then and there, in the presence and with the silent acquiescence and consent of the plaintiff, settled with and paid over to the said Charles Chisman, nine hundred and forty dollars ($940), the proceeds of said grain and every part thereof; that the plaintiff did not then or at any time disclose to the defendant that he had any interest in or lien upon said grain, or any part of or parcel thereof, and thereby misled the defendant by his silence and conduct to his prejudice and loss, and thereby caused the defendant to believe that said grain was free

from any claim or lien upon the same on behalf of the plaintiff, by reason of which silence, conduct, and behavior the plaintiff ought to be estopped to assert any right, title, interest, or lien in or upon said grain or any part thereof."

The offer of proof was: "The defendant offers to show by this witness that, prior to the filing of the alleged lien mentioned in the complaint, the plaintiff and one Charles Chisman, the legal owner of the grain in question, came to the defendant's elevator at Lisbon, North Dakota, to make settlement for the grain described in the complaint which had previously been delivered to said elevator; that the defendant then and there, in the presence of and with the silent acquiescence of the plaintiff, settled with and paid over to Charley Chisman the sum of $940, the proceeds of said grain and every part thereof; that the plaintiff did not then or at any time disclose to the defendant that he had any interest in or lien upon said grain, or any part or parcel thereof, and thereby misled the defendant by his conduct, to its prejudice and loss, and thereby causing the defendant to believe that the grain was free and clear of any claim or lien upon the same upon behalf of the plaintiff, by reason of which silence, conduct, and behavior the plaintiff ought to be estopped from asserting any right or interest in the said grain to the damage of the defendant."

The reason given by the trial judge for holding that the plea did not state facts sufficient to constitute an estoppel, and for refusing the proffered offer of proof, was that he was "of the opinion that where a party against whom an estoppel is claimed has his title of record or the party claiming the estoppel against him has notice of his rights by virtue of the law, that the mere silence of the party against whom the estoppel is attempted to be asserted and no active conduct which is liable to mislead the adverse party is alleged, that no estoppel arises."

It is admitted that at the time of the delivery and settlement for the grain in question, no thresher's lien had been filed or recorded. It is clear, however, that the law gave the plaintiff (the thresher) thirty days after the doing of the work in which to file his lien; that the work was completed by September 6th, and the lien filed on September 17th, and the settlement made and the grain sold on September 2d and before all of the work had been completed. Defendant, therefore, had no record notice of plaintiff's claim. He must be presumed to have

known, however, that if the owner had not paid for the threshing or secured the payment of the same in some way, the thresher had an inchoate lien for his work and thirty days during which to complete and file it. See § 6855 of the Compiled Laws of 1913. Mitchell v. Monarch Elevator Co. 15 N. D. 495, 107 N. W. 1085, 11 Ann. Cas. 1001.

We are of the opinion that the court erred in holding that an estoppel was not pleaded and in rejecting the proffered offer of proof. Estoppel is fundamentally and primarily based upon the duty to speak, and upon the equitable idea that "he who is silent when conscience requires him to speak shall be debarred from speaking when conscience requires him to keep silent." 16 Cyc. 681. " 'Estoppel by silence' arises where a person who, by force of circumstances is under a duty to another to speak, refrains from doing so and thereby leads the other to believe in the existence of a state of facts in reliance upon which he acts to his prejudice." 16 Cyc. 681. "From total but misleading silence with knowledge, or passive conduct joined with a duty to speak, an estoppel will arise. The case must be such that it would be fair to equate the silence with a declaration of the party that he has no interest in the subject of the transaction. Indeed, silence, when resulting in an estoppel, may not improperly be said to have left something like a representation upon the mind; for the case is this: A negotiation is going on, and the mind receives the facts brought out, and receives those facts only. Hence, everything inconsistent with them, relating to the rights of others present as well as to those of the party with whom the negotiation is going on, is excluded. The effect no doubt is negative, but the mind goes wrong because of that negative; and the silence certainly affects the matter of calculating the advantages of the proposal." Bigelow, Estoppel, 648.

"To make the silence of a party operate as an estoppel the circumstances must have been such as to render it his duty to speak. It is essential that he should have had knowledge of the facts, and that the adverse party should have been ignorant of the truth and have been misled into doing that which he would not have done but for such silence. In other words, when the silence is of such a character and under such circumstances that it would become a fraud upon the other party to permit the party who has kept silent to deny what his silence has

induced the other to believe and act upon it will operate as an estoppel." 16 Cyc. 759. "The true test is whether or not the circumstances are such as to impose upon one in equity and good conscience the duty to speak. As to when this duty devolves, there is not and from the nature of the case cannot be any established or uniform rules. It depends to a great extent upon the circumstances attending each particular case, and it is rare that two are alike. Generally speaking, if a person is present at the time of a transaction, he must speak, or he will be estopped. If absent, his silence or other conduct must at least be of a nature to have an obvious and direct tendency to cause the omission or the step taken." 16 Cyc. 760. See also 10 R. C. L. 692.

Applying these principles to the case at bar, we have no hesitation in holding that the plea pleaded and the proffered proof would have shown an estoppel.

The threshing, it is true, had not all been done, but no lien had been filed or recorded and the elevator had no record notice. It was merely conversant of the fact that if the threshing bill had not been paid or secured, and the grain had not been released, an inchoate right to a lien existed. Under these circumstances the holder of that alleged inchoate lien comes to the elevator with the owner of the grain. He says nothing about his lien. He stands by and allows the owner to receive the full price of the grain, and, if there was a lien, to perpetrate a fraud upon the elevator company; in other words, to sell for its full price that which he knew was subject to a lien, and not of that value, and perhaps of no value at all. This very bystander—this co-conspirator, in short—now comes into a court of justice and seeks to assert his alleged lien. He was silent when conscience required him to speak, and he should now be debarred from speaking when conscience requires him to keep silent. The case is no different than one in which "one who owns or has an interest in personal property, with full knowledge of his rights, suffers another to deal with it as his own by selling or pledging it [or mortgaging] or otherwise disposing of it." In such a case there can be no doubt that an estoppel exists. 16 Cyc. 762, 764, and cases cited.

We are not unaware of the case of Mitchell v. Monarch Elevator Co. 15 N. D. 495, 107 N. W. 1085, which is cited by counsel for respondent, and which quite liberally construes, and in favor of the

lienor, the statute under consideration. The case, however, is not in point here, as no element of estoppel was involved.

The next point to be considered is defendant's contention that the court erred in admitting in evidence the plea of estoppel contained in the third paragraph of defendant's answer, and "as an admission proving the identity of the grain in question." He maintains that inconsistent pleas may be pleaded under the construction which has been given to our Code, and that this benefit is denied if an admission in one plea can be used to destroy the effect of another.

The first paragraph of the complaint alleged that the defendant was a foreign corporation. The second alleged that the plaintiff had a special property and ownership in the grain and the right of immediate possession under a thresher's lien, that the threshing was done for one Charlie Chisman upon certain described premises, and that such Chisman was the owner of the grain.

The answer admitted the first paragraph of the complaint, that is to say, that the defendant was a foreign corporation. It admitted that an alleged lien had been filed. It then proceeded as follows:

"The defendant further alleges that prior to the filing of the alleged lien mentioned in the complaint, the plaintiff and one Charles Chisman, the legal owner of said grain, came together to the defendant's elevator, at Lisbon, North Dakota, to make settlement with the defendant for the grain described in the complaint; that the defendants then and there, in the presence and with the silent acquiescence and consent of the plaintiff, settled with and paid over to the said Charles Chisman nine hundred and forty dollars, the proceeds of said grain and every part thereof; that the plaintiff did not then or at any time disclose to the defendant that he had any interest in or lien upon said grain, or any part of or parcel thereof and thereby misled the defendant by his silence and conduct to his prejudice and loss, and thereby caused the defendant to believe that said grain was free from any claim or lien upon the same on behalf of the plaintiff, by reason of which silence, conduct, and behavior the plaintiff ought to be estopped to assert any right, title, interest, or lien in or upon said grain or any part thereof.

"Further answering, the defendant denies each and every allegation,

matter, and thing in said complaint contained, except such as herein-before are specifically and in words admitted."

It will be seen from the above that the answer contained a plea of waiver or estoppel and a qualified general denial. It is well established that "a qualified general denial must be taken for what it says, and certainly cannot overcome positive and unequivocal admissions contained in other paragraphs of the answer." Kennedy v. Dennstadt, 31 N. D. 422, 154 N. W. 271.

In the case at bar the admission in the plea of estoppel was binding upon the plaintiff in so far as the ownership in Chisman of the grain was concerned, as this fact was clearly admitted by the words of the plea.

In passing upon this matter, however, the court wishes to outline what it believes to be the proper method of procedure in such a case. Much confusion arises from the practice of allowing the jury to take the pleadings into the jury room or of reading them aloud in the court room. Juries are not learned in the law, nor in legal verbiage, and will rarely center their attention on the particular point or paragraph involved. The practice, therefore, should be for the court in its charge to clearly define the issues, and, if a fact is admitted by the pleadings, to instruct the jury that it is so admitted, rather than to allow the pleadings to be read aloud or the jury to take them into the jury room. Mt. Terry Min. Co. v. White, 10 S. D. 620, 74 N. W. 1060.

As a new trial will probably result from this decision, it is necessary to pass upon yet another proposition, but this time adversely to the defendant and appellant. "The evidence," defendant asserts in his brief, "clearly establishes the fact that Chisman had but a small interest in the lands described in the thresher's lien; that he had a partner Quall in most of his farming transactions; that the thresher's lien refers only to Chisman as the owner and custodian; that the evidence in no way identifies the grain in controversy with the grain threshed on the quarter section in which Chisman alone had an interest, nor is the grain in controversy identified with the grain grown on the lands in which Chisman and Quall had a partnership interest. From these premises he argues that the notice of thresher's lien was not sufficiently definite.

Counsel, however, is in error in this respect. The proof, as we read

it, shows that the grain was grown either on the quarter section owned by Chisman alone or on that owned by him jointly with Quall, and that he had charge of the threshing operations on both pieces of land. This being the case, and under our recent holding in Dahlund v. Lorentzen, 30 N. D. 275, 152 N. W. 684, the notice of lien was sufficiently definite.

For the errors previously mentioned, however, the judgment of the County Court is reversed and a new trial is ordered.

## On Petition for Rehearing.

Bruce, J. A petition for a rehearing has been filed in which the subject of estoppel is somewhat technically discussed. It is, however, unnecessary for us to determine whether in the case at bar there was a technical estoppel or not. It is sufficient to say that there was a clear waiver of any lien or inchoate right to a lien, and that this is sufficient to defeat plaintiff's claim.

The petition for a rehearing is denied.