## W. L. BRANTHOVER, Respondent, v. MONARCH ELEVATOR COMPANY, Appellant.

### (173 N. W. 455.)

**Thresher's lien — conflicting evidence — verdict — estoppel.**

> This action is based on a lien for threshing grain. The jury found a verdict in favor of the plaintiff for $237.50. On the trial there was really but one issue, and upon this issue the evidence was conflicting, and the jury found for the plaintiff. When there is a real conflict of testimony, as there is in this case, the jury must be left to do the guessing and it is not for the court to guess that the jury guessed wrong.

Opinion filed May 23, 1919.

Appeal from the County Court of Ransom County, Honorable *F. S. Thomas*, Judge.

Affirmed.

*Kvello & Adams*, for appellant.

Where one who owns or has an interest in personal property, with full knowledge of his rights suffers another to deal with it as his own by selling or mortgaging or otherwise disposing of it, he is estopped from later asserting his own issue. 16 Cyc. 762, 764, and cases cited.

Where one of two innocent parties must suffer by the act of a third person, he who has enabled the third person to occasion the loss must estop it. Comp. Laws, § 7077; Mohall State Bank v. Duluth Elevator Co. 35 N. D. 619, 161 N. W. 287.

*C. S. Ego* and *M. O. Thompson*, for respondent.

Mere silence will not work an estoppel. In order to work an estoppel the silence must be under such circumstances that there are both a specific opportunity and a real or apparent duty to speak. 16

Cyc. 759; 10 R. C. L. § 21 and cases cited; Washington Bridge Co. v. Stewart, 11 L. ed. 658; Tally v. Ganahl (Cal.) 90 Pac. 1049; Phelan v. San Francisco, 20 Cal. 39; Garrown v. Toxey (Ala.) 66 So. 443; Arizona-Parral Min. Co. v. Forbes (Ariz.) 146 Pac. 504; Morgan Eng. Co. v. Cahe (Ark.) 185 S. W. 57; Belskis v. Deering Coal Co. (Ill.) 92 N. E. 575; Alerding v. Allison (Ind.) 83 N. E. 1006; Sawyer v. Hawthorne (Iowa) 158 N. W. 506; Wade v. Empire Co. (Kan.) 158 Pac. 28; Folley v. Detroit R. Co. (Mich.) 159 N. W. 506; Ikenberry v. New York L. Ins. Co. (Minn.) 159 N. W. 955; Fergusson v. Missouri P. R. Co. (Mo.) 186 S. W. 1134; Ins. Co. v. Cochran (Okla.) 159 Pac. 247; Gaherton v. Fitzpatrick, 91 S. W. 355; St. Louis v. Gibson (Ark.) 168 S. E. 1129; James v. Lyons (Cal.) 81 Pac. 275; Kuhn v. Delaware R. Co. 36 N. Y. Supp. 339.

ROBINSON, J.   This action is based on a lien for threshing grain. The jury found a verdict in favor of plaintiff for $237.50, and defendant appeals.   On the motion for a new trial the court very properly said:   There is no error of law entitling the defendant to a new trial.

On the trial there was really but one issue:   Did the conduct of the plaintiff estop him from asserting his lien upon the grain or from recovering the value of his special property in the grain threshed by the plaintiff and purchased by the defendant?   Upon this issue the evidence was conflicting, and the jury found for the plaintiff.

Furthermore, it now appears to this court that there has been two jury trials and in each of them the jury found for the plaintiff.   The first verdict was set aside for errors of law.   33 N. D. 454, 156 N. W. 927.   Now, for the second time, defendant appeals and asks the court to grant a new trial regardless of the fact that twenty-four jurors and a judge have concurred in the verdict,—and the two trials and the appeals have probably cost twice as much as the judgment.   There is no sense in that kind of litigation.   A person who goes to law must realize that he takes a chance on the peril of dies.   When there is a real conflict of testimony—as there is in this case—the jury must be left to do the guessing, and it is not for the court to guess that the jury guessed wrong.   Were it otherwise, we might as well do away with jury trials.

Under the statute when a person runs a threshing machine and threshes grain for another, he has a lien upon the grain threshed for the value of his services, upon filing a proper notice in the office of the register of deeds within thirty days after the threshing. The grain in question, 1,000 bushels of wheat, was threshed, it was sold to the defendant and the lien was filed in September, 1914. There is no defense only that plaintiff assented to the sale of the wheat, and on that point the die was cast against defendant.

In a way it is a hardship that an elevator company should have to pay twice for the same grain, yet it is a risk that is always taken when a party purchases property of any kind from an irresponsible person without making proper inquiry.

The purchase was made in the threshing season; it was made without any inquiry concerning the threshing lien. The loss must be charged to gross negligence.

Affirmed.