W. J. MURIE, Appellant, v. NATIONAL ELEVATOR COMPANY, a Corporation, Respondent.

(236 N. W. 269.)

Opinion filed March 20, 1931.   Rehearing denied April 20, 1931.

*Snowfield & Stewart,* for appellant.

*Libby & Harris,* for respondent.

BURR, J. This is an action in conversion. The undisputed testimony shows that during the farming season of 1928 one Spenst threshed wheat, oats and barley under a contract made with the owner for payment at the rate of $9 per hour; that five days after completing his threshing he filed a lien statement specifying that he threshed 1800 bushels of wheat, 1200 bushels of oats and 260 bushels of barley and the amount due for the services was $407.25; that the grain threshed was delivered to the defendant, and defendant had full knowledge of this threshing and the lien; that the amount still due on the lien is $202.50; that the plaintiff received an assignment of the thresher's lien and demanded delivery of the grain which was refused. The evidence shows further that the thresher did not thresh the quantity of grain set forth in the lien. At the trial he testified that he threshed from 1000 to 1500 bushels of wheat, about 1400 bushels of oats and 500 bushels of barley, according to his best estimate. The farmer for whom he threshed said the amount was about 1500 bushels of wheat, 1100 bushels of oats and 160 bushels of barley.

The case was tried to the court without a jury. At the close of the plaintiff's case the court ordered judgment in favor of the defendant, and the plaintiff appeals.

The appellant claims the trial court erred in concluding that there was no valid lien, and that therefore defendant was entitled to a dismissal of the action.

The real issue is whether, under all of the admitted facts in this case, the discrepancy between the amount actually threshed and the amount set forth in the lien statement destroys the lien.

Respondent says the "appellant is not specifying that the evidence was not sufficient to sustain the judgment of the court" and therefore the decision as to the facts is final; further that this being a jury case the findings of the trial court "should not be disturbed unless there is

no substantial evidence whatsoever to support it." The error complained of is not in the facts. The objection is to the legal conclusions drawn from the facts. There is no controlling dispute in the evidence. The trial court found that the thresher threshed grain grown on the land claimed, under a contract at the rate claimed, for the person he claimed, that the grain was bought by defendant as claimed, that a proper lien was filed as claimed, but that the thresher erred in stating the true amount of grain and therefore was not entitled to a lien. The rule as to the weight to be given to the trial court's findings is not applicable here.

The statute says: that the owner of a threshing machine, who threshes grain for another, "shall, upon filing the statement provided for in the next section, have a lien upon such grain for the value of his services. . . ." Supp. § 6854. The next section specifies the requirements of the statement and says such statement shall show "the kind and quantity of grain threshed, the price agreed upon for threshing the same, either by the bushel, the hour or the day. . . ."

Respondent cites several cases showing that the thresher's lien is purely statutory; that the requirements of the statute must be followed. This principle is not disputed; but it is not every inaccuracy which vitiates a lien.

Respondent relies on the case of Brodina v. Vranck, 50 N. D. 420, 196 N. W. 311, where we held that the failure to set out "the amount and quantity of grain threshed" was fatal to the lien. But this case is not decisive. The lien involved sets forth the kind and quantity of grain threshed; but the statement is not quite accurate. The thresher did not thresh as much wheat and barley as he claimed, and threshed more oats. The respondent says that this inaccuracy is fatal. If we were to carry this to a logical conclusion it would mean that if he made an error in one bushel it would be fatal. This is too narrow a construction of the statute. "The statute is remedial in character. It should be construed liberally to carry out its object, if that can be done by a reasonable construction of its language." See Mitchell v. Monarch Elevator Co. 15 N. D. 495, 107 N. W. 1085, 11 Ann. Cas. 1001. To hold that any inaccuracy in the statement of the number of bushels is fatal would not be construing the statute "liberally to carry out its object." The object is to give the thresher the right to

hold the grain for the value of his service so that he may be able to pay the men whom he employed and to pay himself.

In this case the defendant was threshing by the hour and not by the bushel. He said his tally was not working correctly so he could not keep a very accurate account as to the amount of grain. The farmer, who was a renter, said he and the landlord divided by the tally; but this does not mean the tally was working correctly. It merely means that they took the tally as it worked for the measure of each share. This explains why the thresher was unable to give an accurate statement; but it negatives the idea of any intentional error or bad faith.

There is no suggestion of fraud on the part of the thresher. Had he omitted from his statement one kind of grain such as oats, or stated a less quantity of bushels than what were actually threshed he would be limited to his lien to the kind of grain he stated and to the amount stated. There is a vast difference between making no statement of the amount and quantity of grain threshed and making an erroneous statement thereof. A mechanic's lien is a lien by statute, but we held in the case of Turner v. St. John, 8 N. D. 245, 78 N. W. 340, where "the account filed was for an amount more than was due, but it also appears that it was so filed as a result of an honest mistake of fact and in a belief in its correctness," the lien was not lost. Errors, mistakes and failures do not in themselves invalidate the lien, providing the one claiming the lien does not intentionally or in bad faith make these errors or omissions. See also Horton v. Emerson, 30 N. D. 258, 152 N. W. 529; Robertson Lumber Co. v. Clarke, 24 N. D. 134, 138 N. W. 984.

Respondent cites the case of Lavin v. Bradley, 1 N. D. 291, 47 N. W. 384, a seed lien case, where we held that an error in the description of the land vitiated the lien. In that case claimant described the land as in township 146, range 51, whereas the seed was sown in township 147, range 51. The case has no application here. The purpose of describing the land is to identify the crop. Crop grown in township 147 could not be considered crop growing in township 146. It does not affect the question of whether the thresher threshed 1800 bushels of wheat, or only 1500 bushels. The same principle is involved in the case of Schatz v. Kintyre Farmers Co-op. Elevator Co. 52 N. D. 290, 202 N. W. 855, cited by respondent, where the name of the person

for whom the work was done was so misspelled that the filing did not give notice to the purchaser. In such case the purchaser could have no notice, and the failure to give the correct name would invalidate the lien. The purchaser is entitled to protection, and the one who made the mistake must suffer. These cases are not applicable here however, because the record shows the thresher threshed grain and, then, before the time for filing the lien had expired notified the defendant while buying it and filed his lien in time. The elevator company was not misled. If the thresher specified more grain than he threshed he could not have a lien for more than he threshed. Thus the purchaser is protected. If the thresher specified less than he threshed he could not have a lien on a greater quantity than he specified. Thus again the purchaser is protected.

In Mitchell v. Monarch Elevator Co. 15 N. D. 495, 107 N. W. 1085, 11 Ann. Cas. 1001, supra, we held that "a thresher is entitled to a lien on all the grain threshed for threshing any particular kind of grain, when done under the same contract." This does not mean that where a thresher threshes various kinds of grain such as wheat, oats and barley, under one contract, he must look to the wheat for the value of his service in threshing wheat, to the oats for the value of his service in threshing the oats, and to the barley for the value of his services in threshing the barley; but he may sell all of the wheat he threshed for the whole amount due him under the contract, or the oats for the whole amount or the barley for the whole amount. He cannot however seize more wheat than was threshed, or more of any other kind of grain than was threshed.

But in this case plaintiff is not seeking to recover the grain in order to foreclose the lien. He is suing in conversion and therefore he can recover from the defendant the value of either wheat, or the oats, or the barley, or all converted by the defendant, but not to exceed the amount due him on the lien.

Plaintiff made out a prima facie case and therefore the motion for dismissal by the defendant at the close of the plaintiff's case should not have been granted. The defendant however did not rest and therefore the case was not submitted on its merits. The defendant may be able to substantiate its defense to all or a portion of the claim, or even show the plaintiff is not entitled to a lien because there was no honest

mistake. The judgment therefore is reversed and the case remanded to the district court for further proceedings in accordance with law.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.