## D. D. KEELER v. PAULUS MANUFACTURING COMPANY.

Decided June 30, 1906.

**1.—Sale by Sample—Implied Warranty—Right of Inspection.**

In a sale by sample there is an implied warranty by the seller that the goods will be of the same quality as the sample, and the buyer has the right to inspect the goods upon their arrival notwithstanding the order provided for delivery f. o. b. cars at seller's factory.

**2.—Contract—Entirety—Right of Rejection.**

Where some of the goods tendered the buyer were not according to sample, and all the goods, those according to sample and those not according to sample, were packed together, the buyer could not be required to separate the good from the bad and accept the good, but had the right to reject the entire shipment.

**3.—Pleading—Contract—Countermand—Burden of Proof.**

The defendant plead that the order for the goods had been countermanded; the court found as a conclusion of fact that the order was not subject to countermand, but also found that some of the goods were not according to contract and that all the goods were packed together. Held, the burden of proof was upon the plaintiff to show a compliance on its part with the contract; failing in this, it was not entitled to recover on the contract, although the defendant assigned a different reason for refusing to pay for the goods.

Appeal from the County Court of Cooke County. Tried below before Hon. J. H. Garnett, special judge.

*Potter & Potter,* for appellants.—A sale upon condition that goods of a certain quality and quantity will be delivered is one to which the doctrine of condition precedent applies. If a seller fails to comply with the terms of such agreement the party aggrieved may repudiate the whole contract. 21 Am. & Eng. Enc., p. 635, sec. 6; Cleveland Roller Mills v. Rhodes, 121 U. S., 261; Norrington v. Wright, 115 U. S., 188; Pope v. Porter, 102 N. Y., 368.

Where a vendor ships the goods demanded by the contract and some of the goods are good and comply with the contract and other of the goods are bad and do not comply with the contract, the vendee can not be compelled to receive the entire shipment and select the good from the bad, but has a right to reject the entire shipment. Am. & Eng. Enc., p. 169, notes 2, 3; also p. 173, note 5, citing Osborn v. Grantz, 60 N. Y., 540; Friedman on Sales, sec. 101; Benjamin on Sales, sec. 689 to sec. 690; 21 Am. & Eng. Enc. of Law, p. 635, and authorities cited in note 6; Brantley v. Thomas, 22 Texas, 270; Barton v. Kane, 84 Am. Dec., 730.

*Green & Blanton,* for appellees.—The parties divided their own contract. The items of five gross of Aerial Bombs at $3.40 per gross, and 5 gross of "20th Century Bombs" at $3.50 per gross, are separate and distinct items from the canes which the appellant complains of only, and the trial judge committed no error in holding the contract a divisible one. The orders were made separately, the first being for canes and ammunition alone for the street fair trade, and the second for the Aerial and 20th Century Bombs and the ammunition therefor and the residue of

the canes. They are separate and distinct items and separate and distinct charges made for each. Smith v. Crosby, 47 Texas, 128; 2 Parsons on Contract, 517. On waiver of right to rescind, we cite: Vogel v. Moore, 84 S. W. Rep., 559; McCormick Harvesting Machine Co. v. Arnold, 76 S. W. Rep., 323; Manley v. Crescent Mfg. Co., 77 S. W. Rep., 489; Skinner v. Kerwin, 77 S. W. Rep., 1011; Dinwiddie v. Nash, 86 S. W. Rep., 518; Yeiser v. Russell, 83 S. W. Rep., 575.

That upon the breach of the contract by the refusal of the appellant to take the goods appellee had its choice of three remedies, to wit:

1. It might have retained the goods and recovered the difference between the contract price and the market price at the time and place of delivery.

2. Or it might have (as it did do) held the property for the appellant or tendered it, and recovered the purchase money at the contract price.

3. Or it might have sold the goods at the best price obtainable at the place of delivery, or if there was no market for the goods there, then in the most accessible market, charging appellant with the reasonable expense of keeping the goods and the sale, and recovered the contract price, less the amount received for the goods at such sale. Waples v. Overaker & Co., 77 Texas, 11; Welden v. Texas Continental Meat Co., 65 Texas, 487; Sour Lake Townsite Co. v. Deutser Furniture Co., 15 Texas Ct. Rep., 631; Field on Damages, sec. 299.

CONNER, CHIEF JUSTICE.—Appellees sued to recover the contract price for certain bombs and firing canes, popular with young America on certain holiday occasions, together with ammunition for the same, that had been theretofore ordered by the firm of which appellant is the surviving member. When tendered in Gainesville, the firm refused to receive the property mentioned on the ground that the order therefor had been countermanded. The court, however, found that the order was not subject to countermand, and rendered judgment for appellee for the price of the bombs and ammunition therefor, but denied a recovery for the price of the canes and cane ammunition, for the reason that the canes were not such as called for by the contract. The court, who filed his conclusions of fact and law, also further found, that when the goods were tendered, "they were contained in three boxes, but that the canes were contained in one box and the ammunition for the canes were contained in one of the other boxes with the Aerial Bombs." Appellee has filed no cross assignment to the finding we have quoted, nor does appellee in like manner contest the court's finding that the canes were defective and did not equal the sample exhibited at the time the order for them was made. This being true, the findings are conclusive, and the court erred in holding that appellant was bound to receive and pay for the bombs.

The sale being by sample, there was an implied warranty on the part of the appellee company that the canes should be equal to the sample, and notwithstanding the order provided for delivery f. o. b. cars at appellee's place of business in New Jersey, appellant had the right upon tender of the goods at Gainesville, to examine the same and to reject them if not in accord with the implied warranty. (Tiedman on Sales,

sec. 114.) And we think, in this case, the right of rejection extended to the whole of the goods tendered. The ammunition for the canes was valueless without effective canes. Canes, bombs and ammunition were all included in one order, the price charged therefore aggregated the sum for which the suit was instituted, and we do not think appellant was required to separate the merchantable articles from those that were not, and to undertake the solution of questions of abatement in cost of drayage, freights, etc., or of prices charged, that would in such case naturally arise. Mr. Tiedman on Sales (sec. 113), in speaking of the duty of acceptance, says: "The buyer is not obliged to accept the goods, unless they have been tendered to him exactly in accordance with the terms of the contract. In other words, the requirements of the law as to delivery, must be observed by the seller, before the buyer is obliged to accept. If, for example, the seller has failed to make the proper delivery, either because he has made it at an unreasonable time of the day, or he has failed to deliver the exact quantity of goods, neither more nor less, nor mixed with other goods, or he has delivered less than the required quantity, or has not delivered in the form called for by the contract of sale; in every such case the buyer may refuse to accept the goods, and relieve himself from all liability by rejecting them and notifying the vendor of the rejection. The buyer is of course not obliged to accept the goods unless he has an opportunity to inspect and examine them." In note 3 to the section stated the author says: "The buyer is not obliged to select the goods he ordered from others shipped in the same package without being ordered." Citing a number of cases not available to us.

It can make no difference, we think, that appellant assigned a right to reject that the court finds did not exist, or that appellant did not make an examination before refusing to receive the goods. In order to entitle it to a recovery, the burden was primarily upon the appellee company to show a compliance on its part with the contract of sale and a wrongful breach by appellant. This included a necessity for proof that the goods tendered were substantially such as ordered, and under the court's findings it is clear that there was a substantial failure in this respect. It is also clear that appellant had reason for believing that the canes ordered, were practically worthless, and that had examination at the time of the tender been made, a refusal to accept would certainly have followed.

We accordingly approve and adopt the court's findings of fact, but conclude, as a matter of law arising thereon, that the judgment should have been for appellant. The judgment below, is therefore reversed, and here rendered in appellant's favor.

*Reversed and rendered.*