NATIONAL ENGRAVING COMPANY, APPELLANT, V. QUEEN CITY LAUNDRY, APPELLEE.

FILED NOVEMBER 13, 1912. No. 16,818.

1. **Trial**: FINDINGS BY COURT. Where an action at law is tried in the district court without a jury, findings of fact have the same force as a verdict.

2. **Parol Evidence**: CONTRACT FOR ADVERTISING. Where a written order for advertising matter shows on its face that it does not contain, the entire contract of the parties, or a description of such matter, oral warranties made by an agent and the use of a sample exhibited by him in procuring the order may, in a proper case, be shown by parol, though the order contains a provision that the principal will not be bound by terms not embodied in the written instrument.

3. **Sales**: REFUSAL TO ACCEPT. Independently of express contract, a purchaser by sample may refuse to receive the goods, when offered, if they fail to correspond to the sample.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*J. W. James,* for appellant.

*Tibbets, Morey & Fuller, contra.*

ROSE, J.

The amount in controversy is $41.99. At 154 Nassau street, New York, plaintiff was engaged in supplying advertising matter to merchants and others, while defendant was conducting a laundry at Hastings. This is an action to recover the agreed price of advertising matter alleged to have been furnished by plaintiff to defendant under the following contract: "It is agreed that the National Engraving Company will not be held responsible for any provisions not embodied in writing herein, and that this contract cannot be canceled without the written consent of the said company. National Engraving Company, 154 Nassau Street, New York: You are hereby authorized to furnish the undersigned one cut and reading matter weekly for our exclusive use in advertising the laundry business in the city of Hastings, state of Nebraska, only, for a term of not less than one year from commencement of service, and until notified in writing to discontinue same, for which we agree to pay to your order at New York the sum of seventy-five cents and postage for each cut at the end of each calendar month. Interchangeable base will be furnished free to subscriber. Dated Aug. 27, 1907. Queen City Laundry, R. L. Sabin, Mgr."

Plaintiff's claim is composed of 53 weekly items, beginning August 30, 1907, and ending August 29, 1908, each item being: "One cut, reading matter and postage, @ 79c," with 12 cents added to the total for extra postage. The claim was resisted on the ground that an agent for plaintiff, in procuring the order, represented and warranted the advertising matter would be the work of highly skilled artists; that it would be first class and well adapted

to defendant's business; that the cuts offered were cheap and inferior in quality, and did not in any respect comply with the agent's representations and warranties; that the agent in procuring the order displayed a sample of the cuts to be sent to defendant; that the work offered was inferior to the sample; that defendant canceled the order after two or three cuts had been received, returned them, and thereafter refused to accept any more. The action was commenced in the county court and dismissed. Upon appeal to the district court, the case was tried without a jury. There the court found in favor of defendant on all the issues, and from a judgment of dismissal plaintiff has appealed to this court.

The findings below have the same force as a verdict. Plaintiff argues, however, that the evidence is insufficient to sustain the judgment. There is testimony tending to show that, promptly after the first cut was received, defendant wrote a letter to plaintiff, and therein objected to the character of the work and to the advertising matter furnished, intimating that it was not adapted to defendant's business, and saying: "If this is a sample of the class of cuts you are turning out, you may discontinue sending me advertising matter;" that in a reply plaintiff sent another cut, recognized the right of defendant to make objections to the advertising matter furnished, and said: "We are always ready to correct any errors on our part, and in cases where the cut that we send is not suitable, we are always willing to send a new one in its place without additional charge;" that, after receiving three or four of the cuts, defendant returned them, and by letter canceled the order and thereafter refused to accept any more; that those afterward sent were returned by the post office authorities; that plaintiff's agent, in procuring the order, made the representations and warranties pleaded in the answer; that the cuts offered were not made by skilled artists, but were cheap and inferior in character; that the advertising matter was not adapted to defendant's business; that all the work offered and all the cuts

tendered were inferior to the sample, and not suitable for the purposes for which they were intended. While the testimony adduced by defendant to establish the defenses pleaded is rather weak, and while the qualifications of an expert who testified to the character of the cuts and to the unsuitability of the advertising matter rejected by defendant are not very satisfactory, the judgment below is not without support in the evidence.

To avoid the consequence of the trial court's findings, plaintiff argues that the testimony relating to the agent's warranties and sample should be disregarded, because defendant was bound by the following provision of the order: "It is agreed that the National Engraving Company will not be held responsible for any provision not embodied in writing herein, and that this contract cannot be canceled without the written consent of the said company." The point argued does not seem to be well taken, when the order itself and the interpretation of the parties to it are considered. The order shows on its face that the cut and the reading matter are not described in the contract. What defendant ordered was "one cut and reading matter weekly for our exclusive use in advertising the laundry business" in Hastings. The sample used in procuring the order is not mentioned in the contract. In replying to the letter in which the first advertising matter was condemned by defendant as unfit for that purpose, plaintiff wrote: "We are sending you today a new cut and trust that same will be to your liking. At any time that the cuts don't suit you, write to us and you will always find us ready to suit you in your demand. We can assure you that we shall do our utmost to serve you with the best during the life of the contract." The record, therefore, shows both parties understood that all of the terms of the contract were not inserted in the written instrument. Plaintiff accepted it, and sued for the entire sum due for full performance. The sample shown by the agent and the warranties made by him were instrumentalities employed in procuring the order, and are, under the circumstances of

this case, binding on the principal, notwithstanding the attempt to confine its agreement to the terms of the writ- ten instrument. *Esterly Harvesting Machine Co. v. Frolkey*, 34 Neb. 110.

It is a well-established rule that, independently of ex- press contract, a purchaser by sample may refuse to re- ceive the goods when offered, if they fail to correspond to the sample. *Gill v. Kaufman*, 16 Kan. 571; *Keeler v. Paulus Mfg. Co.*, 43 Tex. Civ. App. 555, 96 S. W. 1097; *Washington Hydraulic Press Brick Co. v. Sinnott*, 92 N. Y. Supp. 504.

For the reasons given, the judgment will not be set aside for insufficiency of the evidence.

AFFIRMED.