ELLIOTT SUPPLY COMPANY, a Corporation, v. E. L. GREEN.

(160 N. W. 1002.)

**Answer — defenses — abandonment on trial — court — reading same to jury — instructions — as a whole — error.**

1. Where certain defenses are pleaded but are abandoned on the trial, it is bad practice for the court to read the answer to the jury or to refer specifically

NOTE.—On the passing of title to property by delivery thereof to carrier for transportation to consignee or vendee, see note in 22 L.R.A. 415, in which conflicting decisions are collated.

On the right to rely on representations made on sale of goods, see note in 37 L.R.A. 614.

35 N. D.—41.

in his instructions thereto. It is the better practice to merely instruct the jury as to what the sole and only defenses are. Where, however, the instructions, taken as a whole, are such as to make it clear to any reasonably intelligent man that these defenses are not in the case and are not to be considered, prejudicial error will not be presumed.

**Contract — divisible — ascertaining its character — instrument itself — from.**

2. In determining whether the contract is divisible or indivisible, the intention of the parties should be sought to be ascertained from an examination of the entire instrument.

**Contract — entire.**

3. Contract examined and held to be entire and indivisible.

**Goods sold and delivered — purchase price — action for — entire contract — full performance — plaintiff must show — passing of title — rescission.**

4. Before an action for the purchase price can be brought upon an indivisible contract for the sale and delivery of a bill of goods, it is incumbent upon the plaintiff to show a full performance of such contract on his part and the delivery and passing of title of the entire order before a rescission of such order or contract by the purchaser.

**Contract — goods sold — as to delivery — silent — common carrier — delivery to — by vendor — in usual course — title — transfer of.**

5. Where the contract of purchase is silent to the person or mode by which goods are to be sent, a delivery by the vendor to a common carrier in the usual and ordinary course of business transfers the property to the vendee. Yet in the case of an indivisible contract the whole order must be so delivered.

**Contract — voidable — sale of goods — representations — reliance on — false — known to be so.**

6. Where the purchaser of silverware was a druggist, and not engaged in the regular business of selling such goods, it was not error to instruct the jury that "if you find from the evidence that the agent of the plaintiff did represent to the defendant that the prices of the goods specified in the order were the usual wholesale prices of such goods; that the defendant relied on that statement and would not have signed the order if said statement had not been made; that such statement was false and known to the plaintiff to be false when it was made, and that the prices of such goods stated in the order were not the usual wholesale prices of such goods, but were excessive and more than the usual wholesale prices, then the written contract would be voidable as to the defendant."

**Contract — sale of goods — provision that it contains all agreements — fraud — deceit — defense — terms of contract — such defense does not vary.**

7. Even though a contract contains a provision that "this contract contains all the conditions and agreement between the parties, and the purchaser hereby acknowledges a receipt of a duplicate hereof," and the contract as signed con-

tains no reference to the general wholesale price of the articles sold, a defense may yet be interposed in a suit upon the contract based upon fraud and deceit in obtaining the execution of the same by a false representation as to such wholesale price. Such defense does not seek to vary the terms of the contract, but merely to show fraud in its inception.

Opinion filed January 22, 1917.

Action to recover the purchase price of merchandise.

Appeal from the District Court of Richland County, *Frank P. Allen,* J.

Judgment for defendant. Plaintiff appeals.

Affirmed.

*Purcell, Divet, & Perkins,* for appellant.

In the trial of a case before a jury, a pleading filed in the case is not affirmative evidence in behalf of the party filing it. It is only evidence which the jury should consider, and it was error for the court to read to the jury those parts of the defenses contained in the answer which had been abandoned by defendant and to which no evidence has been adduced or directed. Bertelson v. Chicago, M. & St. P. R. Co. 5 Dak. 313, 40 N. W. 531, 11 Am. Neg. Cas. 269; Chisholm v. Keyfauver, 110 Cal. 102, 42 Pac. 424; Frederick v. Kinzer, 17 Neb. 366, 22 N. W. 770; Hickman v. Link, 116 Mo. 123, 22 S. W. 472; Boyce v. Aubuchon, 34 Mo. App. 315; Marshall v. Heller, 55 Wis. 392, 13 N. W. 236; Knudson v. Laurent, 159 Iowa, 189, 140 N. W. 392; O'Neil v. Cardina, 159 Iowa, 78, 44 L.R.A.(N.S.) 1175, 140 N. W. 196; Larson v. Chicago, M. & St. P. R. Co. 31 S. D. 512, 141 N. W. 353; Haight v. Vallet, 89 Cal. 245, 23 Am. St. Rep. 465, 26 Pac. 897; Sargent v. Linden Min. Co. 55 Cal. 204, 3 Mor. Min. Rep. 207; Baltimore Elevator Co. v. Neal, 65 Md. 438, 5 Atl. 338; Waddingham v. Hulett, 92 Mo. 528, 5 S. W. 27; Scott v. Clayton, 54 Wis. 499, 11 N. W. 595; Abbott, Civ. Trial Brief, 676, note 1, and cases cited; Iverson v. Look, 32 S. D. 321, 143 N. W. 332.

Or where the court submits the case to the jury on two conflicting theories of law. Peterson v. Conlan, 18 N. D. 205, 119 N. W. 367; Jones v. Matthieson, 2 Dak. 523, 11 N. W. 109; Blair v. Groton, 13 S. D. 211, 83 N. W. 48; Bowen v. Epperson, 136 Mo. App. 571, 118 S. W. 528.

The giving of a correct instruction will not overcome the giving of an erroneous one. Rosenbaum Bros. v. Hayes, 5 N. D. 481, 67 N. W. 951; Lindblom v. Sonstelie, 10 N. D. 145, 86 N. W. 357; Marshall v. Heller, 55 Wis. 392, 13 N. W. 236.

Where correct and incorrect instructions are given, and which bring before the jury issues and questions not in the case, it is impossible to say that the verdict is based upon issues in the pleadings, or otherwise. Swanson v. Allen, 108 Iowa, 419, 79 N. W. 132; Black v. Miller, 158 Iowa, 293, 138 N. W. 535; Stevens v. Maxwell, 65 Kan. 835, 70 Pac. 873; Kansas City, Ft. S. & M. R. Co. v. Eagan, 64 Kan. 421, 67 Pac. 887; Kansas City, Ft. S. & M. R. Co. v. Dalton, 66 Kan. 799, 72 Pac. 209; Baltimore & O. R. Co. v. Lockwood, 72 Ohio St. 586, 74 N. E. 1071, 18 Am. Neg. Rep. 590; Murray v. Burd, 65 Neb. 427, 91 N. W. 278; Geddes v. Van Rhee, 126 Minn. 517, 148 N. W. 549; Lang v. Omaha & C. B. Street R. Co. 96 Neb. 740, 148 N. W. 964; 11 Enc. Pl. & Pr. 154; 38 Cyc. 1608, and cases cited; Mt. Terry Min. Co. v. White, 10 S. D. 620, 74 N. W. 1060.

"If the part to be performed by one party consists of several distinct items, and the price to be paid by the other is proportioned to each item to be performed, or is left to be implied by law, such contract will generally be held to be severable." 2 Parsons, Contr. p. 648; Norris v. Harris, 15 Cal. 226; Spear v. Snider, 29 Minn. 463, 13 N. W. 910; Miner v. Bradley, 22 Pick. 457; Herzog v. Purdy, 119 Cal. 99, 51 Pac. 27; Fullmer v. Poust, 155 Pa. 275, 35 Am. St. Rep. 881, 26 Atl. 543; Lucesco Oil Co. v. Brewer, 66 Pa. 351; Bank of Antigo v. Union Trust Co. 149 Ill. 343, 23 L.R.A. 611, 36 N. E. 1029; Quigley v. De Haas, 82 Pa. 267; Rugg v. Moore, 110 Pa. 236, 1 Atl. 320; Ming v. Corbin, 142 N. Y. 334, 37 N. E. 105; Rubin v. Sturtevant, 26 C. C. A. 259, 51 U. S. App. 286, 80 Fed. 930; Schiller v. Blyth & F. Co. 15 Wyo. 304, 8 L.R.A.(N.S.) 1167, 88 Pac. 648; Field v. Austin, 131 Cal. 379, 63 Pac. 692.

It is the duty of the trial court, without being requested, to instruct on all material issues and legal propositions involved in the case, and a failure to do so is reversible error. Comp. Laws 1913, § 7620; Moline Plow Co. v. Gilbert, 3 Dak. 239, 15 N. W. 1; Putnam v. Prouty, 24 N. D. 517, 140 N. W. 93; Capital City Brick & Pipe Co. v. Des Moines, 136 Iowa, 243, 113 N. W. 839; Hyde v. Minnesota, D.

& P. R. Co. 24 S. D. 386, 123 N. W. 849; Owen v. Owen, 22 Iowa, 270; Barton v. Gray, 57 Mich. 622, 24 N. W. 638.

The defendant cannot now say that he relied upon the representations of the plaintiff to his prejudice, as to the prices, etc., when he had it in his power to have easily ascertained the true state of affairs before making the contract, and failed to do so. Burns v. Mahannah, 39 Kan. 87, 17 Pac. 319; Foley v. Cowgill, 5 Blackf. 18, 32 Am. Dec. 49; Uhler v. Semple, 20 N. J. Eq. 288; Mosher v. Post, 89 Wis. 602, 62 N. W. 516; Poland v. Brownell, 131 Mass. 138, 41 Am. Rep. 215.

A catalogue or list or prices of goods made and promulgated is not admissible unless a foundation is laid therefor, showing how and what manner it is prepared, the nature and source of the information contained, and whether the quoted prices were based upon actual sales. Whelan v. Lynch, 60 N. Y. 469, 19 Am. Rep. 202; Wilbur v. Buckingham, 153 Iowa, 194, 132 N. W. 960, Ann. Cas. 1913E, 210.

*J. A. Dwyer* and *Wolfe* and *Schneller,* for respondent.

The contract here was entire and indivisible for the sale and delivery of certain goods—the amount and quantity being specified. The delivery was for a less amount, and defendant refused to take any. There was no delivery of the goods bought. Sunshine Cloak & Suit Co. v. Roquette Bros. 30 N. D. 143, L.R.A.1916E, 932, 152 N. W. 359.

Where parties to a contract do not meet upon an equal footing, by reason of the extensive knowledge of the one, and the lack of knowledge of the other, a confidential relation exists, and the latter has the right to place confidence in and rely on the representations made to him by the other. Liland v. Tweto, 19 N. D. 556, 125 N. W. 1032.

BRUCE, Ch. J. This is an appeal from a verdict and judgment for the plaintiff, and this opinion is written after argument on a petition for a rehearing.

The complaint alleges "that on or about the 24th day of September, 1913, the plaintiff sold and delivered to the defendant, goods, wares, and merchandise (silverware) for which the defendant promised and agreed to pay the sum of $180, that no part of said sum has been paid."

The answer contains a general denial, and in addition alleges a rescission of the contract of purchase on the ground of fraudulent rep-

resentations which were alleged to have been made in the procuring of the contract, and on the ground that the goods were not as represented and contracted for.

The first point urged by the appellant is that the court erred in charging the jury that:

"There has been some testimony introduced here tending to show misrepresentation as to the wholesale price of these articles by the representative of the plaintiff, and it is also claimed that there was a shortage in the goods. Now, as I remember the testimony on behalf of the defendant in this case, these are the only two points in controversy here, while there are other reasons set up in the answer, these—the only testimony offered was in connection with these two matters."

Counsel for appellant urges that as it was admitted that evidence had only been introduced in support of two of the defenses pleaded in the answer, a reference to the answer generally must only have tended to confuse the jury.

He also and in connection with the same point complains that the trial court in his charge to the jury practically repeated the language of the answer wherein the defendant alleged that "the goods were not according to sample and of no value, a positive damage to a dealer, were not triple plate Rogers make 1847, and that the plaintiff was not the manufacturer of the silverware." He asserts (and truthfully) that none of these defenses were relied upon by the defendant at the trial, nor was any evidence given in their support.

We do not approve of these instructions, nor of what to all intents and purposes was the reading of the answer to the jury, nor do we see any necessity therefor. It would, indeed, have been much preferable and much better practice to have merely stated to the jury that the only issues were whether or not there was a misrepresentation as to the wholesale price of the articles and as to whether or not there was a shortage in the goods. See Branthover v. Monarch Elevator Co. 33 N. D. 454, 156 N. W. 927; Swanson v. Allen, 108 Iowa, 419, 79 N. W. 133.

We hardly can see, however, how the defendant could have been prejudiced in the matter. We must assume that the jury was composed of reasonably intelligent men, and it is the tendency of most men to discredit rather than to credit a defendant who in his answer pleads many defenses and upon the trial introduces evidence in support of but one

or two of them. So, too, granted that the jury was composed of reasonably intelligent men, the instructions, if taken as a whole, could in no sense have been misleading.

The jury was positively told that it "should look solely to the evidence for the facts, and to the instructions of the court for the law." It was told positively that "there were only two points in controversy in the case, and that these related solely to the alleged misrepresentation as to the wholesale price and to the alleged shortage. It was positively informed that, "while there are other reasons set up in the answer, these—the only testimony offered was in connection with these two matters."

We have carefully examined the decisions cited by counsel for appellant, and, though many of them disapprove of the practice adopted by the trial judge in the case at bar, none of them lead us to believe that the appellate tribunals which handed them down would have ordered a new trial on the record which is before us. In all of them, indeed, the instructions were palpably misleading, and there was a misdirection, and matters were submitted which were not properly before the jury, or the cases were submitted on two inconsistent and conflicting theories of law. Here there was no submission, there was, in fact, a withdrawal. As stated by counsel for respondent, the sum and substance of the charge was simply this: "The defendant claims in his answer, so and so, as it has been read to you, but as to all of these claims, but two there is no evidence, so I instruct you that these two are the only two points in controversy here."

Nor do we believe that the jury could have been mislead by the subsequent instruction that "any affirmative allegation, not simply denials, but any affirmative allegations in the answer—which is the paper that is brought—put in here by the defendant—must be proved by a preponderance of the evidence," and that "the affirmative of the issues is upon the defendant to establish the matters and things alleged in his affirmative defense."

Counsel for appellant urges that it was for the court to point out which issues were material and which were not. This, however, we believe it had already clearly done. Not only, indeed, had it told the jury that there were only two issues in the case—that of misrepresentation as to wholesale price, and that of shortage—but everywhere throughout its charge it over and over again emphasized these points, and to such

an extent that to our minds no intelligent jury could come to any other conclusion than that they were the sole and only issues.

Nor do we believe that a new trial should be granted on account of the fact that the court charged the jury that the contract was indivisible, and that if they found that any substantial part of the goods was not delivered or offered for delivery before the commencement of the action, then the plaintiff could not recover. The instruction complained of, indeed, was more favorable to the plaintiff than the evidence warranted. The contract sued upon, or which, at any rate, was proved by the plaintiff as the basis of its action, was entire and indivisible. It was on a printed form. After first giving a list of the goods with the prices attached thereto, it read as follows:

### This Entire Order is Wm. Rogers Goods.

Warranty: Any article which is not exactly as represented may be returned to us and we will replace it with a new article without charge, regardless of the cost of the article.

Sales Guaranty: We guarantee that the purchaser will sell a quantity of silverware in one year, which at the retail price will equal at least one and one-half times the amount of this order. If sales are less than this amount, we agree to take back at the purchase price the goods remaining on hand, at the expiration of this contract. This guaranty is given on condition that the purchaser will keep the goods displayed for sale in a showcase, and furnish us on the first day of each month an itemized list of all goods on hand. When the purchaser becomes satisfied with the sales he may omit these lists without voiding any part of this contract except this paragraph.

Terms: This order is payable in six equal payments, due in 2..4.. 6..8..10..and 12..months from date of invoice; provided the purchaser sends us promptly on arrival of goods his six acceptances for the amount and terms of the above payments, or if acceptances are not so sent, terms are cash; 5 per cent discount if paid in full promptly on arrival of the silverware. In consideration of the conditions under which we sell our goods we cannot accept countermands, and the purchaser hereby agrees not to countermand this order. Purchaser pays all transportation charges. All goods shipped at our earliest conven-

ience and can be returned only as herein provided. This contract contains all the conditions and agreements between the parties, and the purchaser hereby acknowledges a receipt of a duplicate hereof.

The reasons given by appellant for contending that this contract is divisible are as follows:

(1) It contains an itemized list of the articles ordered.

(2) This list describes each article by name and design, and gives the number, the price per dozen, and the price for the fraction of a dozen so ordered.

(3) The contract nowhere states the total price of the articles ordered.

(4) Since each article is itemized, it can be told at a glance what the purchaser is paying for each.

(5) The warranty in the contract that "any article which is not exactly as represented may be returned to us and we will replace it with a new article without charge, regardless of the cost of the article," presupposes a collection of individual articles, each one separate and distinct from the other, rather than an indivisible mass of goods.

(6) The articles were purchased for the purpose of selling to the retail trade, and that it is a matter of common knowledge that silverware is more often purchased by the piece than by the entire set.

(7) That the articles enumerated were of several different and distinct designs, and hence did not constitute one entire set.

All of these facts stated by the appellant may be conceded, however, and yet leave the court still in doubt as to the nature of the contract. 6 R. C. L. 858.

These conditions do not override the clear intention of the parties, if such contention can be gathered from the whole subject-matter of the contract. 6 R. C. L. 859.

And we believe that there is in the contract in question a clear indication of what that intention was, and that it was that the contract should be entire.

An important part of the contract is the so-called sales guaranty. This provides that "we (the seller) guarantee that the purchaser will sell a quantity of silverware in one year, which at the retail price will equal at least one and one-half times the amount of this order. If sales

are less than this amount, we agree to take back at the purchase price the goods remaining on hand, at the expiration of this contract."

It is clear from this that the seller desired a showing in the showcases of the entire order. His guaranty was that the sales in one year would "at the retail price equal at least one and one-half times the *amount of this order."* It was provided that there should be no countermand *"of this order."* The order, in short, was treated as an entirety. There was no guaranty of sales if less than the goods contracted for were bought, nor if less than the goods contracted for were exhibited.

Added to this fact is the fact that the plaintiff, Officer Bevin, testified in his deposition that the goods were sold in specified lots.

Added to this is the fact that, when on the trial defendant moved for a directed verdict, the plaintiff objected on the ground that the parol evidence of the shortage varied the written contract.

We have carefully examined the cases cited by the appellant, but in none of them do we find a contract similar to the one at bar, and which itself evidences an intention that the contract shall be entire.

The contract being indivisible, it was necessary for the plaintiff to show a full performance on its part and a passing of the title before the rescission by the defendant or purchaser, and before it could maintain an action for the purchase price. 2 Mechem, Sales, §§ 811, 1139; Norrington v. Wright, 115 U. S. 188, 29 L. ed. 366, 6 Sup. Ct. Rep. 12; Sunshine Cloak & Suit Co. v. Roquette Bros. 30 N. D. 143, L.R.A. 1916E, 932, 152 N. W. 359; Hart-Parr Co. v. Finley, 31 N. D. 130, L.R.A.1915E, 851, 153 N. W. 137.

The defendant testified that when the shipment was received by the vendee there was a shortage of articles to the amount of $15.72, or one twelfth of the entire contract price, and though there is some testimony that all of the order was shipped, there is no conclusive presumption that this was the fact, and the jury evidently found that it was not. Plaintiff, indeed, himself offered to remit the amount from the purchase price. Though it is undoubtedly the law that where the contract of purchase is silent as to the person or mode by which the goods are to be sent, a delivery by the vendor to a common carrier in the usual and ordinary course of business transfers the property to the vendee. Mechem, Sales, § 736. Yet, in the case of an indivisible contract the whole order must be so delivered, and there was certainly evidence to go to

the jury from which the jury might arrive at the conclusion that this had not been done, and the verdict of the jury can be sustained on this theory and on this theory alone.

We are not here called upon the pass upon the question of whether an action for damages could have been maintained for the breach of the contract on the part of the defendant. It is sufficient to say that the action before us is on the contract and for the contract price, and that there is evidence that that contract had been rescinded.

But was it reversible error for the court to charge the jury that "I instruct you that if you find from the evidence that the agent of the plaintiff did represent to the defendant that the prices of the goods specified in the order exhibit 'B' were the usual wholesale prices of such goods; that Mr. Green relied on that statement and would not have signed the order if such statement had not been made; that such statement was false and known to the plaintiff to be false when it was made, and that the prices of said goods stated in the order were not the usual wholesale prices of such goods, but were excessive and more than the usual wholesale prices of such goods, then, the written order, exhibit 'B,' would be voidable as to the defendant Green, and he would not be bound by it and might lawfully refuse to carry it out.

"And in such case, the plaintiff could not recover in this action, and your verdict should be for the defendant."

We think that the giving of this instruction was not error. It is undoubtedly the general rule that where an article is on the general market and the price of the article is publicly known, one cannot avoid a contract because of a representation to him that the price was less or the same as the market price. This rule is announced in order to avoid perjury and fraud and to lend stability to business transactions. It was never intended, however, to be a cover for fraud. In other words, fraud should always avoid contracts, unless reasons of public policy require the fraud to be tolerated. Here the purchaser was not a jeweler, but a druggist, and the purchase of silverware was not a usual transaction either with him or usual to his business. It is true that he probably had in his store some wholesale price lists, but we probably all have some such lists in our possession. He had the right to assume that the agent of the seller had first knowledge of the facts of which he spoke,

and we believe that he had the right to rely upon the truth of his statement. Liland v. Tweto, 19 N. D. 551, 556, 125 N. W. 1032.

But it is claimed that the contract contains the provision that "this contract contains all the conditions and agreement between the parties, and the purchaser hereby acknowledges a receipt of a duplicate hereof," and that this provision prevents the defendant from setting up the defense of fraud. It is claimed, indeed, that no fraud is shown in regard to this particular clause, and that it is not claimed that the defendant signed it unwittingly or without having an opportunity to read it.

This argument would probably be persuasive if it was applied to the warranties and conditions of the contract. We are not, however, dealing with such warranties or conditions here. The defendant is not suing for a breach of warranty. He is simply claiming fraud in the inception of the contract, in other words, that he was induced to execute the contract and to execute it wholly because of the fraud in the statement. We therefore think that the defense is maintainable, and that the instruction was properly given. State v. Nicola, 169 Iowa, 171, 151 N. W. 70; Bishop, Contr. 2d ed. § 669.

The judgment of the District Court is affirmed.

GRACE, J., being disqualified, did not participate.