## ELLIOTT SUPPLY COMPANY, Appellant, v. HANSON, Respondent.

### (165 N. W. 991.)

(File No. 4232.    Opinion filed December 31, 1917.)

1. **Sales—Contract For Sale—Sample Sale—Article Not As Represented, Returnable, Whether a Warranty—Statute.**

    A provision in a contract for sale of personalty by sample, that any article not exactly as represented may be returned and will be replaced with a new one without charge, is not a warranty, within the meaning of Civ. Code, Sec. 1322, defining a warranty as an engagement by which seller assures to buyer existence of some fact affecting the transaction, whether past, present, or future; said contract containing no warranty of any fact.

2. **Same—Provision For Return of Article Not As Represented, Guarantee That Purchaser Will Sell Quantity, or Goods Returned, No Countermand of Sale Order—Contract For Sale—Statute.**

    An order for purchase of silverware, containing a provision that articles not exactly as represented may be returned and replaced with new ones without charge, that in consideration of conditions under which the goods were sold countermands will not be accepted, and guarantee that purchaser will sell a quantity of silverware in one year, which at retail price will equal at least one and one-half times amount of the order, is not a sale within Civ. Code, Sec. 1299, providing that a sale is a contract by which, for a pecuniary consideration, one

transfers to another an interest in property, but is an agreement to sell and buy, within Sec. 1304, providing that such agreement is a contract to transfer title to a thing to another who engages to accept same and pay a price therefor; that under the latter section there would be no consummated sale until acceptance of the goods.

3. **Same—Sale By Sample—Rescission For Breach of Implied Warranty—Inspection, Right of—Indivisible Contract—Rescission on Refusal to Accept—Statute.**

An agreement for sale of goods by sample, providing that any article not exactly as represented may be returned and replaced with a new one without charge, and that "all goods * * can be returned only as herein provided," the buyer had a right, under Civ. Code, Sec. 1339, to inspect the goods before accepting them, and, having found the implied warranty broken, he had the right to rescind the contract, under Sec. 1340, providing that breach of warranty entitles buyer to rescind an agreement for sale, unless the warranty was intended to operate as a condition. **Held,** further, that such right of rescission was not limited to defective goods, but applied to all the goods ordered, the contract being entire and indivisible; said statutes being harmonious with established law that, in case of sales by sample, purchaser has, independently of express contract, the right to refuse goods failing to correspond to sample. **Held,** further, that under said sections, purchaser, in case of breach of warranty, rescinds the contract, the effect being that he is released from all its terms; while if he accepts the goods, he remains bound by the contract; and the contract provides for purchaser's remedy for breach, which controls.

Appeal from Circuit Court, Charles Mix County. Hon. ROBERT B. TRIPP, Judge.

Action by the Elliott Supply Company, a corporation, against E. C. Hanson, to recover purchase price of goods under an alleged contract for sale. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Ambrose B. Beck,* for Appellant.

*F. B. Morgan,* for Respondent.

(1) To point one of the opinion, Respondent cited: 35 Cyc. 365.

(3) To point three of the opinion, Appellant cited: Smith v. Williams (N. C.) 4 Am. Dec. 564; Nutting v. Watson, Wood Bros., and Kelly, 121 N. W. 582, 25 L. R. A. (N. S.) 825; City

of Bardwell v. Southern Engine and Boiler Works, 113 S. W. 97, 20 L. R. A. 10.

Respondent cited: 35 Cyc. 392; Timken Carriage Company v. Smith, 123 Iowa, 554, 99 N. W. 183; Elgin Jewelry Co. v. Estes, 122 Ga. 807, 50 S. E. 939; Spring v. Slayden-Kirgsey Woolen Mills, 106 Ill. App. 569; Carson v. Baillie, 19 Pa. 378, 57 Am. Dec. 659; Shields v. Reibe, 9 Ill. App. 598; National Engraving Company v. Queen City Laundry, 138 N. W. 575; Providence Jewelry Co. v. Gray Mercantile Co., 139 N. W. 215; Love v. Rose (Iowa) 56 N. W. 528.

WHITING, J.    Action to recover the agreed selling and purchase price of certain silverware under the terms of a written agreement to sell and purchase same. Trial to court without jury. Findings, conclusions, and judgment for defendant. From such judgment and an order refusing a new trial this appeal was taken.

The trial court found that the agreed sale was by sample; that the samples exhibited were of two lines of silverware and were all of high grade and good quality; that plaintiff shipped the goods to defendant; that defendant, after examination, refused to accept same, and returned them to plaintiff, who refused to accept such return; that the goods ordered and shipped comprised silverware of both lines; that the goods of one line were equal in quality to the samples thereof, but comprised but one-fourth in number of items and one-fifteenth in value of the whole order; that the goods of the other line were not equal to sample, but were much inferior in grade, quality, and appearance to the samples. The trial court concluded that there was an implied warranty that the goods would be equal to the samples; that there was a breach of such warranty; and that defendant returned the goods with reasonable promptness.

[1] Appellant contends that there could be no implied warranty because the written contract contained an express warranty. Appellant is in error in his premise; there was no warranty contained in such contract. It is true that the contract contained a paragraph headed "Warranty"; but to name something a warranty does not make it such. Section 1322, C. C., defines a warranty as follows:

"A warranty is an engagement by which a seller assures to a buyer the existence of some fact affecting the transaction, whether past, present or future."

The section of the contract relied upon by appellant reads:

"*Warranty.*—Any article which is not exactly as represented may be returned to us and we will replace same with a new article without charge regardless of the cost of the article."

This is not an assurance of the past, present, or future existence of some fact, but is rather an agreement that may well accompany and relate to some warranty—to some assurance of the past, present, or future existence of some fact—just as it purports to be an agreement accompanying and relating to some representation. The contract contains no warranty of any fact. Elgin Jewelry Case v. Estes, 122 Ga. 807, 50 S. E. 939.

[2] We do not deem all the provisions of the written contract material to any question raised upon this appeal. Other provisions of such contract are set out in Elliott Supply Co. v. Green, 35 N. D. 641, 160 N. W. 1002. Suffice for the purpose of this appeal to note that the contract contained in the writing was not a sale (section 1299, C. C.), but an agreement to sell and buy (section 1304, C. C.), under which agreement there would be no consummated sale until there was an acceptance of the goods. Section 1325, C. C., provides:

"One who sells or agrees to sell goods by sample thereby warrants the bulk to be equal to the sample."

[3] Under section 1339, C. C., this being an agreement for sale, and not a sale, the defendant had a right to inspect the goods before accepting them, and, having found the implied warranty broken, he had, under section 1340, C. C., a right to rescind the agreement or contract. This right of rescission was not limited merely to the defective goods, for the reason that the contract was clearly entire and indivisible. Elliott Supply Co. v. Green, supra. These statutory provisions are in perfect harmony with the clearly established law that, in the case of sales by sample, the purchaser has, independently of the express contract, the right to refuse the goods when offered if such goods fail to correspond to the sample. National Engraving Co. v. Queen City Laundry, 92 Neb. 402, 138 N. W. 575; Keeler v. Paulus Mfg. Co., 43 Tex. Civ. App. 555, 96 S. W. 1097.

Appellant contends that respondent cannot take advantage of section 1340, C. C., because of the express provisions of the written contract. Besides the so-called "Warranty" above quoted, the contract provides that "all goods * * * can be returned only as herein provided." Appellant does not appreciate the full force and effect of sections 1339 and 1340, C. C. Under those sections a purchaser, in case of a breach of warranty, rescinds the contract, the effect being that he is released from all its terms, there ceasing to be any contract. On the other hand, if a purchaser does not see fit, in a proper case, to take advantage of the provisions of sections 1339 and 1340, C. C., and accepts the goods, he remains bound by the terms of the contract. If in such a case there is found to be a breach of warranty, and the contract provides the purchaser's remedy for such breach, the contract controls.

The judgment and order appealed from are affirmed.