FRANK DAHLUND v. CHRIST LORENTZEN and C. H. Huyssen (Appellant).

(152 N. W. 684.)

**Thresher's lien — owner of machine — cropper — landlord — grain — purchaser of machine — title reserved by seller — entitled to file thresher's lien as "owner."**

A thresher who had purchased his rig from one D., who reserved title therein until payment, and also took blanket assignment of earnings of same, filed thresher's lien against grain grown by a cropper without naming the landlord in said lien. *Held,*—

1. That plaintiff was entitled to file lien as "owner" of said rig.

**Verification of lien.**

2. Said lien was properly verified.

**Lien attaches to all grain threshed — landlord not named therein.**

3. The lien attached to all grain threshed, even though landlord not named therein.

**Foreclosure of lien — attorney's fee.**

4. The item of $25 attorneys' fees modified.

**Errors — without merit.**

5. Other alleged errors examined and found without merit.

Opinion filed March 16, 1915. Rehearing denied May 18, 1915.

Appeal from the District Court of Pierce County, *Burr,* J.
Affirmed.

*Asa J. Styles,* for appellant.

The lien statement filed does not substantially comply with the statute, in that it does not state the name of the person for whom the threshing was done. Parker v. First Nat. Bank, 3 N. D. 88, 54 N. W. 313.

The lien must contain a correct description of the land where the

grain threshed was grown. Martin v. Hawthorn, 3 N. D. 412, 57 N. W. 87, 5 N. D. 66, 63 N. W. 895; Moher v. Rasmussen, 12 N. D. 73, 95 N. W. 152, and cases cited.

The purpose of the thresher's lien law in requiring the name of the person for whom the threshing was done, and a correct description of the land, to be embodied in the lien statement, is for the benefit of third persons, who may become interested in the grain. I Dak. Dig. "Liens," subtitle IV., for Threshing, p. 799; II Dak. Dig. "Liens," subtitle IV. for Threshing, p. 633; Parker v. First Nat. Bank, 3 N. D. 87, 54 N. W. 313; Martin v. Hawthorn, 3 N. D. 412, 57 N. W. 87, 5 N. D. 66, 63 N. W. 895; Moher v. Rasmusson, 12 N. D. 71, 95 N. W. 152; Hayes v. Cooley, 13 N. D. 204, 100 N. W. 250; Mitchell v. Monarch Elevator Co. 15 N. D. 495, 107 N. W. 1085, 11 Ann. Cas. 1001; Gorthy v. Jarvis, 15 N. D. 509, 108 N. W. 39.

A lien statement describing only a part of the land on which the grain threshed was grown, gives no lien. Martin v. Hawthorne, 5 N. D. 66, 63 N. W. 895; Moher v. Rasmusson, 12 N. D. 73, 95 N. W. 152.

Dahlund was not the owner of the threshing machine. He had contracted to purchase it, but the seller has reserved title in himself. Parker v. First Nat. Bank, 3 N. D. 87, 54 N. W. 313.

The name of the cropper and that of the landowner should appear in the lien statement. Laws of 1897, chap. 177, p. 281.

*Albert E. Coger,* for respondent.

The object of the thresher's lien law is to give security for threshing grain. It is remedial in its nature. It should be construed liberally to carry out its object, if that can be done by a reasonable construction of its language. In the case at bar, the omission of the landowner's name, as an individual, is not fatal. Mitchell v. Monarch Elevator Co. 15 N. D. 500, 107 N. W. 1085, 11 Ann. Cas. 1001.

Dahlund was the "owner" of the machine for threshing, and for thresher's lien purposes. He had contracted to buy the machine from one Dickey. He had full possession and control of the machine. He had been clothed with all the indicia of ownership. 28 Am. & Eng. Enc. Law, 233.

BURKE, J. This is a trial *de novo* of foreclosure of a thresher's lien filed by the plaintiff against grain grown upon the farm of the defend-

ant, and involves a construction of §§ 6854, 6855, Comp. Laws 1913, which read as follows: Section 6854: "Any owner or lessee of a threshing machine who threshes grain for another therewith shall, upon filing the statement provided for in the next section, have a lien upon such grain for the value of his services in threshing the same from the date of the commencement of the threshing."

Section 6855: "Procedure to Obtain Lien. Any person entitled to a lien under this chapter shall, within thirty days after the threshing is completed, file in the office of the register of deeds of the county in which the grain was grown a statement in writing, verified by oath, showing the amount and quantity of grain threshed, the price agreed upon for threshing the same, the name of the person for whom the threshing was done, and a description of the land upon which the grain was grown. Unless the person entitled to the lien shall file such statement within the time aforesaid, he shall be deemed to have waived his right thereto." Dahlund was in possession of and exercised full control over a threshing machine. Defendant Huyssen was the owner of a farm which was being operated by Lorentzen under a croppers' contract to the terms of which reference will be hereinafter made. Lorentzen made contract with plaintiff to do the threshing upon the farm, and in accordance with such contract plaintiff threshed all the grain for the year 1912 and shortly thereafter the defendant Huyssen, the owner of the land, paid one half of said threshing bill according to the terms of his cropping contract with Lorentzen, who, however, failed to pay his half of said bill. Plaintiff thereupon filed a lien under said sections, naming therein, however, only the defendant Lorentzen. The trial below resulted in a judgment in favor of plaintiff against the defendant Lorentzen for the amount due, and allowed him a lien against all of the grain grown upon said land. Appellant in his brief raises four questions; namely, "whether plaintiff Dahlund was the 'owner or lessee' of a threshing machine within the meaning of § 6854, Comp. Laws, 1913, and whether he was legally entitled to file any threshing lien whatever against anyone,—Dickey being by the terms of the conditional contract of purchase, exhibit 1, the real and legal owner of the machine at all times so far as the evidence shows;

"Whether the alleged lien statement was ever 'verified by oath' as required by the statute;

"Whether the alleged lien complies with the statute, which requires it

to state 'the name of the person for whom the threshing was done,' naming as it does the defendant Lorentzen, whereas the testimony shows, and the findings of fact find, that the same was done for Lorentzen and Huyssen. In other words, whether the lien can be established against the owner of grain without even naming him in the notice of lien, or giving notice to persons who might purchase grain thereon either.

"Whether a $25 attorney's fee can be charged in foreclosing a threshing lien and including in the costs taxed."

(1) Taking up the questions raised in the order named, we hold: First, that plaintiff is the owner within the meaning of said section. He was in possession of the rig, operating the same and having full control thereof. It is true that under exhibit 1, Dickey had made a conditional sale of said rig to the plaintiff, under which the title of said property remained in Dickey until the full purchase price had been paid, and that said Dickey was to have control and own one half of the gross earnings of said outfit until said sum had been paid. Plaintiff, however, was the equitable owner, and in contemplation of the statute entitled to file the lien, volume 28 Am. & Eng. Enc. Law, 233, and cases cited. Dickey makes no claim whatever in this action.

(2) An examination of the record shows that the lien was duly verified, and inasmuch as appellant lays little stress upon this in his brief, it will not be discussed further.

(3) Appellant states in his brief that this is the proposition most relied upon and the one which he deems conclusive of the whole matter. It is his contention that the lien filed "does not substantially comply with the statute in that it does not state the 'name of the person for whom the threshing was done,' and that the omission of the name of Huyssen from the statement, either alone or combined with the name of Lorentzen, renders the lien a nullity, at least as to Huyssen, and as to his share of the grain."

As already intimated, Huyssen was the owner of the land and Lorentzen was his lessee under a cropping contract, sometimes erroneously called a lease. Under the terms of this agreement, Lorentzen was to do all of the work incident to the planting and care of the crops, and to "thresh and secure the crops grown thereon," but "party of the first part (Huyssen) is to pay one half of twine bill and one half of threshing machine bill," and it was agreed that until a final settlement and division

the title to said crops should remain in Huyssen. Under those circumstances the tenant Lorentzen employed the plaintiff to do the threshing upon the land in question. When the lien was filed it contained the statement that "under and pursuant to the terms and conditions of said contract he threshed for the said Christ Lorentzen all the grain grown upon said land during the said year." And then follows a description of the land and a description of the grain, with the price for each kind of the same and the sum total, etc., and the same was filed with the register of deeds of the proper county. Huyssen paid one-half of said bill a few days after the lien was filed. As already stated, the trial court held that plaintiff was entitled to a personal judgment against Lorentzen alone, and was entitled to a thresher's lien upon all of the grain grown upon the land to secure said judgment. Appellant, in his brief, attacks said judgment as inequitable, and contends that the omission of Huyssen's name was fatal to the lien in its entirety, or at least so far as Huyssen's share of the grain is concerned, and has advanced an ingenious argument in support of their contention. However, we are not persuaded that they are correct, and will set forth briefly some of the reasons for this conclusion. The lien statement names Lorentzen as the person for whom the threshing was done, and this is proper. Not only did he actually make the contract, but he was the person whose duty it was to see that the threshing was done under the terms of his contract with Huyssen. If the thresher could not look to the crop for his pay, he might be without protection, as the cropper might, under the terms of his contract, owe the landlord more than the value of his share of the crop. The intent of the legislature was, undoubtedly, to subjugate the grain itself to the payment of this necessary expense, without which it might be lost, not only to the tenant, but to the landlord as well, and the landlord in making his lease should take into consideration the contingency that arose in this case. Having reserved the title to the grain in himself until a division, he must anticipate the possible burden imposed upon the grain by the thresher's lien law.

Again, if appellant's theory is correct and the landlord must be named in the lien, by analogy it would be contended that every mortgagee or any person claiming an interest in said grain would likewise have to be named, and, if the encumbrances against the property were more than the value of the grain, the thresher would be entirely without remedy,

which is inconsistent with the provisions of the Code which makes the thresher's lien a first lien against the grain. In Mitchell v. Monarch Elevator Co. 15 N. D. 495, 107 N. W. 1085, 11 Ann. Cas. 1001, it is said: "The object of the statute is to give security for threshing grain. The statute is remedial in its nature. It should be construed liberally to carry out its object, if that can be done by a reasonable construction of its language." Without elaborating upon the subject, we hold the lien in question good against all of the grain sown upon the land.

(4) A careful search of the statutes has failed to disclose any authority for the allowance of a $25 attorney's fee upon a foreclosure of a thresher's lien by action. Section 7792, Comp. Laws 1913, reads in part: "In all actions or proceedings for the foreclosure of a mortgage upon personal property, or of a mortgage or other lien upon real property, the plaintiff or person commencing such action or proceeding shall be entitled to tax as a part of his costs, when the amount of the debt secured by such mortgage or liens does not exceed the sum of $500, the sum of $25. . . ." It will be noticed that this section fails to provide for such attorneys' fees upon foreclosure of *liens* upon personal property. This court in Power v. King, 18 N. D. 600, 138 Am. St. Rep. 784, 120 N. W. 543, 21 Ann. Cas. 1108, has refused to allow the attorneys' fees in equitable suits generally unless authorized by the statute. Sections 8137–8143, Comp. Laws 1913, make no provision for attorneys' fees. Section 6878, Comp. Laws 1913, reads: "Upon default being made in the payment of a debt secured by a lien upon personal property, such lien may be foreclosed upon the notice, and in the manner provided for the foreclosure of mortgages upon personal property, and the holder of such lien shall be entitled to the possession of the property covered thereby for the purpose of foreclosing the same. The costs and fees for such foreclosure shall be the same as are provided in § 8132. A report of such foreclosure shall be made in the manner set forth in § 8128; provided that when the lien has not been filed in the office of any register of deeds, then a report of such sale shall be filed in the office of the register of deeds in the county wherein the property is sold. Such liens may also be foreclosed by action, as provided in chapter 29 of the Code of Civil Procedure." A reading of this section seems to give an attorney fee in foreclosures by advertisment only.

It is thus apparent that there is no authority for the trial court to order that a $25 attorney's fee be taxed as part of plaintiff's judgment, and the order is accordingly modified.

(5) There are one or two incidental objections to the record made by appellant which are not discussed at length in his brief. We have examined same, however, and find them without merit. The judgment of the trial court is modified by striking out the $25 attorney's fee and as so modified is affirmed.

Respondent will recover his costs in this action, less the sum of $12.50, which we consider a fair proportion of appellant's expense upon the modification.