This is an action in conversion and the facts are not in dispute. Plaintiff leased from one Minnie Blank, otherwise known as Mrs. August Blank, under a common cropper's contract, certain lands for the years 1925 and 1926 and agreed to crop the same — each party to have one half of the crop and pay one half of the threshing bill, and plaintiff was to deliver one half of the crop to the landlord at the machine, or at an elevator in Ambrose as she might elect. Minnie Blank was the purchaser of these lands under a contract for purchase and sale made with one "E" and his wife. Under this contract, Minnie Blank was to pay for the land by delivering to "E" one half of the crops each year. Plaintiff had knowledge of this contract and also of the fact that the full purchase price had not been paid when this action was commenced.
In 1925 plaintiff raised crops on this land under his lease, and being the owner of a threshing machine made a contract with Minnie Blank to thresh these crops for the agreed rate of $15 per hour. This work was completed on August 23rd, 1925, and plaintiff threshed 600 bushels of wheat full of wild oats and other tare and some oats and barley — the threshing bill amounted to $255, one half of which Minnie Blank was required to pay. The oats and barley were taken under seed liens and were not sufficient to satisfy these liens.
In accordance with the terms of his lease plaintiff delivered to Minnie Blank all of her share consisting of 199 bushels of wheat, net from the machine to the elevator belonging to the estate of R.C. Fenton, deceased, where it was mingled with other grain of like quality. The next day — August 24th, 1925, — plaintiff filed a thresher's lien claiming one-half of the threshing bill. On the demand of "E," made September 25th, 1925, the defendant delivered the proceeds of this grain to "E" on the theory that "E" was entitled to this one half as payment from Minnie Blank on the purchase price of the land. *Page 839 
On September 30th, 1925, plaintiff demanded from the defendant the possession of the grain under his thresher's lien, which demand was refused. The value of the said grain then and there was $1.22 per bushel. Plaintiff then commenced this action in conversion. The action was dismissed as against Fenton personally and at the close of the case both sides moved for a directed verdict, agreeing to a dismissal of the jury. The trial court found for the defendant for a dismissal of the action and plaintiff appeals.
Plaintiff claims that under the facts in this case he is entitled to judgment for the amount of his lien. Defendant argues plaintiff never had a lien right, or, if he had, he waived it, or by his acts is estopped from asserting it.
Defendant claims the proofs show the plaintiff threshed his own grain; that he was the owner of it himself and therefore could not claim a lien. This court has already held that under such a cropper's contract as this, the tenant is entitled to a lien on the landlord's share of the grain. Mace v. Cole, 50 N.D. 866, 35 A.L.R. 445, 198 N.W. 816. The defendant says this case overlooks the distinction between threshing grain "for another" and threshing grain "of another," and it is only in the former case the thresher can claim a lien. There is no merit in this contention, and chapter 160, Session Laws, 1925, which went into effect July 1st, 1925, removes even the possibility of such a distinction, giving a thresher a lien on any grain he threshes, without limitation as to ownership.
Defendant says plaintiff waived his lien by reason of the fact he delivered the grain himself, or by his order, to the defendant. Under his cropper's contract this was his duty so to do. He did what was required of him — delivered the grain at an elevator. True, his contract called for delivery at Ambrose, but he and his landlord could and did modify this requirement and had the grain delivered to the defendant's elevator. There was no waiver here. While the threshing was in progress the grain was being delivered and the next day the lien was duly filed. Defendant did not sell the grain until a month thereafter. Waiver is a matter of intent to be proved, and the fact that plaintiff did what his contract required is no waiver. See Wonser v. Walden Farmers Elevator Co. 31 N.D. 382, 390, 153 N.W. 1012. *Page 840 
Defendant claims plaintiff is now estopped from asserting his lien; that he knew one half of the crop belonged to "E" and that it was the duty of Minnie Blank to deliver it to "E;" that he commingled this grain with other grain and thus made it impossible for defendant to return the grain. For his threshing services he had a lien on all the crop — "E's" share and Minnie Blank's share — no matter what might be the contract between them. He threshed the grain and had the right to look to the grain for his charges. Dahlund v. Lorentzen, 30 N.D. 275, 279, 152 N.W. 684. Otherwise, if Minnie Blank were to deliver all the crop in payment of the land the thresher might get nothing for his services. The intent of the legislature was to subject the grain, irrespective of ownership, to the expense of threshing. The commingling of the grain in a public warehouse, even if done with the consent and knowledge of the plaintiff, does not estop plaintiff from demanding an equal quantity of like grain, and defendant's refusal to deliver this is conversion of the grain delivered.
The judgment is reversed and judgment ordered for plaintiff as prayed for in his complaint with costs, including costs on this appeal.
CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE, and BURKE, JJ., concur.