CHRISTENSEN, Respondent, v. GUTH, et al, Appellants

(279 N. W. 551.)

(File No. 8151. Opinion filed May 6, 1938.)

T. R. Johnson, of Sioux Falls, for Appellant.

L. A. Gage, of Bryant, and J. G. McFarland, of Watertown, for Respondent.

George C. Berry, of Willow Lake, for Defendant Theodore B. Waldow.

ROBERTS, P. J.    Plaintiff brought this action to foreclose a thresher's lien filed by him against the grains harvested and

threshed upon land owned by the defendant Lucy A. Guth and cropped by defendant Theodore B. Waldow. The case was tried to the court and resulted in findings and conclusions in favor of the plaintiff. Judgment was entered accordingly and defendant Lucy A. Guth has appealed.

Defendant Waldow employed respondent to do the threshing upon the land in question. A verified statement containing a description of the land, the kind of grains and the number of bushels threshed and the price agreed upon for such work and designating defendant Waldow as the person for whom the threshing was done was filed with the register of deeds of Clark county. Defendant Waldow having paid one-half of the claim after the verified statement was filed denied liability. Answering, appellant admitted that she was the owner of the land on which the grains were grown, that Waldow occupied the premises as her tenant, and that a purported lien was filed by respondent. As an affirmative defense among others she alleged that "prior to the threshing of the grain described in the complaint the plaintiff was specifically instructed by this defendant that she would not be liable for any alleged lien, labor or services therefor, and that the plaintiff or the owner of said threshing machine would have to look to her co-defendant for the payment of said lien; that the plaintiff promised and agreed not to hold this defendant liable therefor and covenanted with this defendant not to file any alleged lien against her property." The findings of the trial court are as follows:

"1. That during the threshing season of 1935, and on or about September 5th, 1935, the Plaintiff was the owner and operator of a threshing machine and engaged in threshing operations in Clark County, South Dakota, and in Hamlin County, South Dakota.

"2. That on or about September 5th, 1935, the Defendant Lucy A. Guth was the owner of real property described as the Southeast Quarter (SE¼) of Section Twenty-Four (24), in Township One Hundred Thirteen (113) North of Range Fifty-Six (56) West of the 5th Principal Meridian in Clark County, South Dakota.

"3. That the defendant Theodore B. Waldow was tenant of the real property hereinbefore described during the cropping season of 1935.

"4. That the plaintiff during the threshing season of 1935,

threshed the small grain on the premises hereinbefore described for the customary rates for threshing in the vicinity of said premises for said year and that the grain so threshed and the charge for said threshing was as follows, to-wit: . . . and that said threshing was completed on the 5th day of September A. D., 1935.

"5. That no part of said thresh bill in the sum of $104.07 has been paid except the sum of $52.04, paid by the defendant Theodore B. Waldow to the plaintiff.

"6. That on the 12th day of September, 1935, the Plaintiff filed a thresher's lien against the grain so threshed, which said lien was filed in the office of the Register of Deeds of Clark County, South Dakota at 8:18 o'clock A. M. of said day.

"7. That the plaintiff waived his thresher's lien as to the grain so threshed belonging to the defendant Lucy A. Guth.

"8. That the amount now due and owing to the plaintiff from the defendants for said threshing is the sum of $52.03, with interest thereon at six per cent per annum from September 5th, 1935."

The court concluded as a matter of law that respondent was entitled to personal judgment against the defendants and each of them for the unpaid balance of the threshing bill.

The errors relied upon for a reversal are that the findings of the trial court do not support its conclusions of law and judgment; that the evidence is insufficient to justify the findings of fact; and that the court erred in refusing to adopt findings submitted by appellant.

Respondent instituted this action for the foreclosure of a thresher's lien. The trial court denied such relief, but did render, as already stated, personal judgment against appellant. Counsel for respondent urge that under a cropping contract by the terms of which defendant Waldow and appellant were each to pay one-half of the threshing bill and to receive one-half of the crops produced Waldow not only had the right to employ but it was his duty under the contract to cause the grains harvested on the premises to be threshed and that the law implied a promise on the part of such parties to pay the person employed to thresh the grain the reasonable value of his services. Counsel cite and rely upon decisions of the Supreme Court of North Dakota (Mace v. Cole, 50 N. D. 866, 198 N. W. 816, 35 A. L. R. 445; Minneapolis Iron

Store Co. v. Branum, 36 N. D. 355, 162 N. W. 543, L. R. A. 1917E, 298) in support of such contention. This contention was not presented to nor passed on by the trial court. Assuming that the question is reviewable on appeal, we are of the opinion after a careful consideration of the record that the evidence would not justify findings, if made, sustaining recovery on the theory here presented. It is admitted that appellant was the owner of the land and Waldow was the lessee. However, the alleged cropping contract is not in evidence and respondent failed to present evidence to the effect that appellant agreed to pay one-half of the threshing bill. The evidence presents no such basis for recovery.

The judgment and order appealed from are reversed.

All the Judges concur.